**AFFIRM as Modified; Opinion Filed June 27, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00358-CR

### ZECHAE JACKME MELVINA WRIGHT, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 5
Dallas County, Texas
Trial Court Cause No. F03-72002-L**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Evans
Opinion by Justice Myers

Zechae Jackme Melvina Wright appeals her conviction for aggravated robbery of an elderly person. In a single point of error, appellant contends the judgment adjudicating guilt should be modified to correctly reflect the conditions of community supervision she was found to have violated. We modify the judgment adjudicating guilt and affirm as modified. The background of the case and the evidence admitted at trial are well known to the parties, and we therefore limit recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

Appellant waived a jury and pleaded guilty to aggravated robbery of an elderly person. *See* TEX. PENAL CODE ANN. § 29.03(a)(3) (West 2011). Pursuant to a plea bargain agreement, the trial court deferred adjudicating guilt, placed appellant on six years' community supervision, and assessed a $1,500 fine. The State later moved to adjudicate guilt, alleging appellant violated the following conditions of community supervision: condition (b) by testing positive for THC and Benzodiazepines; condition (d) by failing to report; condition (h) by failing to pay court costs; condition (j) by failing to pay community supervision fees; condition (k) by failing to make payments to Crime Stoppers; condition (l) by failing to complete community service hours; and condition (n) by failing to pay urinalysis fees. During a hearing on the motion, the State abandoned the allegation that appellant violated condition (l). Appellant pleaded true to the remaining allegations, and testified she did not report because she was in hiding from the father of her children due to having been previously assaulted by him. The trial court adjudicated appellant guilty and assessed punishment at six years' imprisonment.

In his sole issue, appellant contends the judgment should be modified to reflect the conditions of community supervision she was found to have violated. The State responds that the judgment adjudicating guilt should be modified in the manner appellant requested.

The trial court found appellant violated conditions (b) and (d) as alleged in the State's motion to adjudicate. The judgment incorrectly recites the trial court found appellant violated "terms and conditions of community supervision as set out in the State's original motion to adjudicate guilt." We sustain appellant's issue. We modify the judgment adjudicating guilt to show the trial court found appellant violated conditions (b) and (d) of her community supervision. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130358F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ZECHAE JACKME MELVINA
WRIGHT, Appellant

No. 05-13-00358-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 5 of Dallas County, Texas (Tr.Ct.No.
F03-72002-L).
Opinion delivered by Justice Myers,
Justices Lang and Evans participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

The section entitled "(5) While on community supervision, Defendant violated" is modified to show "(5) While on community supervision, Defendant violated conditions (b) and (d) of community supervision as set out in the State's motion to adjudicate guilt."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered June 27, 2013.

/Lana Myers/
LANA MYERS
JUSTICE