**Richard Lynn CREEKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–88–00099–CR.**

Court of Appeals of Texas, Dallas.

Jan. 24, 1989.

Rehearing Denied with Opinion April 19, 1989.

Further Rehearing Overruled, April 24, 1989.

Discretionary Review Refused Sept. 20, 1989.

HOWELL, Justice.

Richard Lynn Creeks appeals his conviction for murder. Punishment was assessed at seventy-five years' confinement.

Appellant's attorney has filed a brief in which appellant's attorney has concluded that the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), by presenting a professional evaluation of the record demonstrating why, in effect, there are no arguable grounds to be advanced. *See Currie v. State*, 516 S.W.2d 684 (Tex.Crim.App.1974); *Gainous v. State*, 436 S.W.2d 137 (Tex.Crim.App.1969). A copy of counsel's brief has been delivered to appellant, and appellant has been advised that he would be given the opportunity to examine the appellate record and that he had a right to file a pro se brief. No pro se brief has been filed. Our review of the record reveals no fundamental error, nothing that might have clearly prejudiced appellant's right to a fair and impartial trial.

The State has filed a brief containing a "counterpoint" urging that the trial court's judgment "contains a clerical error and should be reformed to include the jury's affirmative finding that appellant used a deadly weapon during the commission of the offense."

We have examined the judgment, which was entered on a pre-printed form with blank spaces to be filled in so as to make the form fit the particular case. Opposite the pre-printed words, "FINDINGS ON USE OF DEADLY WEAPON," the court entered "N/A." The narrative portion of the judgment, also pre-printed, declared, "The Court further makes its finding as to deadly weapon as set forth above based upon the jury's verdict or the findings of the Court when punishment fixed by the Court."

Lawrence B. Mitchell, Dallas, for appellant.

Robert P. Abbott, Dallas, for appellee.

Before HOWELL, HECHT[1] and THOMAS, JJ.

---

1. The Honorable Nathan L. Hecht, Justice, participated in the submission of this case and in subsequent deliberations. However, he was no longer a member of the Court at the time of the opinion and judgment herein. The remaining members of the submission panel being in agreement, this opinion is delivered by them as the decision of the Court.

The abbreviation "N/A" has no fixed legal meaning. The most common use of the abbreviation of which we are aware is to use it in lieu of the words "not applicable" or "no application." [2] If the trial court judicially determined that the "findings on use of deadly weapon" were *not applicable*, the trial court's holding may be at odds with the jury verdict. However, save in certain limited instances, the State has no right of appeal. *See* TEX. CODE CRIM.PROC.ANN. art. 44.01 (Vernon Supp.1989). The ordinary rule is that we cannot correct judicial errors that may be complained of by the State. *Beasley v. State*, 97 Tex.Crim. 36, 259 S.W. 567, 570 (1924); `Eckert v. State`, 672 S.W.2d 600, 604 (Tex.App.—Austin 1984, pet. ref'd). Also, constitutional restrictions prevent a court from placing any punitive burden on the right of appeal. *See, e.g., North Carolina v. Pearce*, 395 U.S. 711, 724, 89 S.Ct. 2072, 2080, 23 L.Ed.2d 656 (1969).

We need not explore the matter further because of the well established proposition that relief not requested by objection, request or motion in the court below cannot be had in the appellate court. TEX.R. APP.P. 52(a) (as adopted by the Court of Criminal Appeals). The State has made no showing that the relief asked of us was requested of the court below; neither has a showing been made why the requested relief is not or was not reasonably available from the court below. Neither does this case fall squarely within *Banks v. State*, 708 S.W.2d 460 (Tex.Crim.App.1986), approving of the action of appellate courts in correcting errors of an *obviously clerical* nature. Because of the constitutional implications arising from the action of an appellate court in inserting into the judgment provisions more burdensome to the appellant, *Banks* must be closely construed. We therefore decline to consider the State's counterpoint on its merits.

The appeal by the appellant, Richard Lynn Creeks, from the trial court's judgment is AFFIRMED.

## OPINION ON REHEARING

The State has moved for rehearing, primarily arguing *Ex parte Poe*, 751 S.W.2d 873 (Tex.Crim.App.1988).

The difference between the case at bar, on the one hand, and *Poe* and other cases cited by the State, on the other hand, is this. Our trial court has, at least arguably, entered an affirmative finding that no deadly weapon was involved. However, in the cases relied upon by the State, the judgments in question were silent concerning the use of a deadly weapon.

Particularly in view of the fact that the State has not first applied to the trial court for relief, we decline to override and nullify the findings contained in the trial court's judgment.

Along with its Motion for Rehearing, the State has filed its Motion to Reform Judgment asserting the identical grounds and seeking the identical relief sought in the Motion for Rehearing. Both the Motion for Rehearing and the Motion to Reform Judgment are overruled.

THOMAS, J., files a concurring opinion.

WHITTINGTON, J., files a dissenting opinion.

## OPINION ON REHEARING

THOMAS, Justice, concurring.

I concur in the overruling of the State's motion for rehearing and motion to reform judgment. I write separately because of the undue emphasis on any distinction between this case and *Ex parte Poe*, 751 S.W.2d 873 (Tex.Crim.App.1988). The original opinion was correct; the State has waived any right to complain of the trial court's failure to enter a deadly weapon finding in accordance with the jury's verdict.

On original submission, we held that the State could not request relief in this Court

---

**2.** In other usages, the same abbreviation has been employed to indicate "not available," "no assets," and "not arrived." We are also told that the abbreviation has been used on appellate court dockets to indicate cases that will not be orally argued.

without first seeking that relief in the trial court. It is well settled that, in order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion raising the alleged error. TEX.R.APP.P. 52(a). In this case, the judgment is dated January 6, 1988, and states that sentence was imposed on that date. The State has offered no explanation for why it did not request the trial court to modify its judgment while that court retained jurisdiction. Nor has the State explained why, if this is truly a clerical error as it maintains, it has not moved for entry of judgment nunc pro tunc in the trial court. *See Ex parte Hatfield*, 156 Tex.Crim. 92, 238 S.W.2d 788, 791 (1951); *Dees v. State*, 722 S.W.2d 209, 216 (Tex.App.—Corpus Christi 1986, pet. ref'd); *Curry v. State*, 720 S.W.2d 261, 262 (Tex. App.—Austin 1986, pet. ref'd) (in response to State's motion for entry of judgment nunc pro tunc, the trial court properly added a deadly weapon finding to conform the judgment to the verdict).

The State has not persuaded me that the usual waiver principle enunciated in rule 52(a) does not apply in this case. *See* TEX. R.APP.P. 52(a). Consequently, I agree that the State's motion for rehearing and motion for reformation of judgment should be overruled.

## OPINION ON REHEARING

WHITTINGTON, Justice, dissenting.

I respectfully dissent. I do not agree that this case is distinguishable from *Ex parte Poe*, 751 S.W.2d 873 (Tex.Crim.App. 1988), and I do not agree that the State has waived any right to complain of the trial court's failure to enter a deadly weapon finding in accordance with the jury verdict. Accordingly, I would grant the motion for rehearing, remand the cause to the trial court and order that the judgment be reformed.

The indictment in this cause contains an allegation that appellant knowingly and intentionally caused the death of the victim by stabbing the victim "with a knife, a deadly weapon." Similarly, the jury charge authorized conviction of appellant if the jury found beyond a reasonable doubt that appellant caused the death of the victim by stabbing him "with a knife, a deadly weapon." The jury found appellant guilty as charged in the indictment. However, the judgment does not contain an affirmative finding that appellant used a deadly weapon in the commission of the offense.

Article 42.12 § 3g(a)(2) of the Code of Criminal Procedure provides, *inter alia*, as follows:

Upon affirmative finding that the defendant used or exhibited a deadly weapon during the commission of an offense or during immediate flight therefrom, the trial court shall enter the finding in the judgment of the court.

The trier of fact is responsible for making the affirmative finding concerning use of a deadly weapon. *Ex parte Thomas*, 638 S.W.2d 905, 907 (Tex.Crim.App.1982). This affirmative finding can be made in three different ways: (1) by a finding of guilty "as charged in the indictment" when the indictment specifically characterizes the weapon used as "a deadly weapon"; (2) by a finding of guilty "as charged in the indictment" when the weapon named in the indictment is a deadly weapon as a matter of law; and (3) by an affirmative finding to a special issue submitted to the jury on whether the weapon used by the defendant was a deadly weapon. *Polk v. State*, 693 S.W.2d 391, 394 (Tex.Crim.App.1985). Once the trier of fact has made the affirmative finding, the court must make an entry in the judgment reflecting this finding; he has no discretion to do otherwise. *Ex parte Poe*, 751 S.W.2d at 876.

In the present case, the indictment alleged that appellant used a deadly weapon in the commission of the offense, and the jury found appellant guilty as charged in the indictment. Once they had made this finding, the court was required to enter this finding in the judgment. However, the court did not do so.

A trial court may correct an error which is clerical in nature by entry of a judgment *nunc pro tunc. Ex parte Poe*, 751 S.W.2d at 877. Accordingly, I would grant the

motion for rehearing and remand the cause to the trial court and order that the judgment be reformed to include an affirmative finding that appellant used a deadly weapon in the commission of the offense. *See Rivera v. State*, 716 S.W.2d 68, 74 (Tex. App.—Dallas 1986, pet. ref'd).