**Luther Junior ASBERRY, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 05–90–00025–CR.**

Court of Appeals of Texas,
Dallas.

May 2, 1991.

Rehearing Denied Aug. 12, 1991.

Kerry P. Fitzgerald, Dallas, for appellant.

Robert P. Abbott, Dallas, for appellee.

Before the Court en banc[1].

## OPINION

ONION, Justice.

A jury found the appellant guilty of murder and assessed his punishment at fifty-five years' imprisonment. *See* TEX.PENAL CODE ANN. § 19.02(a)(1) (Vernon 1989). He appeals.

Appellant does not challenge the sufficiency of the evidence to support the conviction. The evidence shows that the appellant shot and killed Steven Huckaby with a firearm, a deadly weapon, as alleged in the indictment. Both of appellant's points of error concern the admission of evidence. Initially, appellant urges that the trial court committed fundamental error in permitting the arresting police officer to testify to facts constituting an extraneous offense when relating the circumstances of appellant's arrest. The record reflects that Tim Davis, a warrant execution officer with the Dallas County Sheriff's office testified as follows on direct examination:

Q. Now, did you have occasion on or about July the 14th of 1989 to come in contact with an individual by the name of Luther Asberry?

A. Yes, I did.

Q. And what were the circumstances that you came in contact with him?

A. We was [sic] called to the 302 West Commerce to pick up a bond forfeiture, and upon picking him up, Luther Asberry at that address, we ran him and a murder warrant came up in an attempt.

. . . . .

Mr. Moore [Defense Counsel]: Objection, your Honor. I'm trying to understand the purpose of this witness, and sound like there's going to be some hearsay testimony here. Unless they have some computer records to indicate....

---

1. Included on the panel are the Honorable John F. Onion, Jr., Presiding Judge, Retired, Court of Criminal Appeals, and the Honorable Spencer Carver, Justice, Retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

THE COURT: Come over here.

(Off the record discussion at the bench)

Q. (By Ms. Doolin) [Prosecutor]: And so, you discovered that there was a warrant outstanding for Mr. Asberry?

A. Yes.

Q. On this murder case?

A. That's correct.

There was only a general type of objection on which appellant obtained no ruling. Further, there was no showing of the offense underlying the bond forfeiture.

 Appellant contends that the testimony as to a bond forfeiture constituted the admission of an extraneous offense in violation of Texas Rule of Criminal Evidence 404(b). Recognizing that the trial objection was not specific or such as to preserve error, appellant relies upon fundamental error. *See* TEX.R.CRIM.EVID. 103(d). Failure to object waives the wrongful admission of evidence tending to show an extraneous offense. *Smith v. State*, 595 S.W.2d 120, 123 (Tex.Crim.App. [Panel Op.] 1980); *Malone v. State*, 734 S.W.2d 50, 51 (Tex.App.—Houston [1st Dist.] 1987, no pet.). In the absence of an appropriate objection in the trial court, nothing is preserved for review. TEX.R.APP.P. 52(a); TEX.R.CRIM.EVID. 103(a)(1); *Rico v. State*, 707 S.W.2d 549, 554 (Tex.Crim.App.1983); *Haynes v. State*, 627 S.W.2d 710, 712 (Tex. Crim.App.1982). The testimony that appellant was "picked up" on a bond forfeiture was not so prejudicial or inflammatory as to warrant a reversal without a suitable objection. *See Shannon v. State*, 567 S.W.2d 510, 514 (Tex.Crim.App. [Panel Op.] 1978) (accomplice testimony to knowing a defendant in a murder case "through dope dealings" not fundamental error). *See also Hill v. State*, 666 S.W.2d 663, 666 (Tex. App.—Houston [1st Dist.] 1984), *aff'd on other grounds*, 686 S.W.2d 184 (Tex.Crim. App.1985); *Mathis v. State*, 650 S.W.2d 532, 534 (Tex.App.—Dallas 1983, pet. ref'd). Appellant's first point of error is overruled.

Next, appellant urges that the trial court erred in denying his motion for a mistrial "when a State's character witness gave an unresponsive answer on direct examination which clearly indicated to the jury that appellant was a known dope dealer." At the penalty hearing the State called fifteen-year-old Eleanor White as a witness. On direct examination the record reflects:

Q. Now, before June the 21st, did you know about Luther Asberry's reputation in the community?

A. Yes, I did.

Q. And what was that reputation?

A. He was known for dope dealing.

Q. Sorry, excuse me. Could you just answer the question as to whether or not reputation was good or bad?

A. It was bad.

After cross-examination of the witness, the appellant made his mistrial motion which was overruled. However, the trial court, sua sponte, instructed the jury to disregard the entire testimony of Eleanor White and not to consider it for any purpose in deliberations.

 The proper method for preserving an issue for appeal is to: (1) object, (2) request an instruction to disregard, and (3) move for a mistrial. *Koller v. State*, 518 S.W.2d 373, 375 n. 2 (Tex.Crim.App.1975). Appellant waited until the witness had been interrogated by both parties and excused, and then he moved for a mistrial on the basis of her testimony. By not timely objecting and requesting a curative instruction, appellant waived his complaint. *See Brooks v. State*, 642 S.W.2d 791, 798 (Tex. Crim.App.1982); *Mills v. State*, 747 S.W.2d 818, 822 (Tex.App.—Dallas 1987, no pet.). Moreover, testimony referring to extraneous offenses may also be rendered harmless by an instruction from the trial court to disregard. *Davis v. State*, 642 S.W.2d 510, 512 (Tex.Crim.App. [Panel Op.] 1982). The trial court cured any error by its jury instruction. Appellant's second point of error is overruled.

In a crosspoint, the State asserts that there was an affirmative finding by the jury that a deadly weapon was used or exhibited during the commission of the offense. *See* TEX.CODE CRIM.PROC.ANN. arts. 42.12, § 3g(a)(2) and 42.18, § 8(b) (Vernon Supp.1991). Noting that the finding was omitted from the written judgment and an

incorrect recitation inserted, the State requests that the judgment be reformed to correctly reflect such finding.

■ The trier of fact is responsible for making the affirmative finding concerning the use or exhibition of a deadly weapon. *Ex parte Thomas,* 638 S.W.2d 905, 907 (Tex.Crim.App.1982). Thus, where the jury is the trier of fact the affirmative finding must be made by the jury. *Adams v. State,* 685 S.W.2d 661, 671 (Tex.Crim.App. 1985); *Thomas,* 638 S.W.2d at 907. The affirmative finding by a jury can be made in three different ways: (1) by a finding of guilty "as charged in the indictment" when the indictment specifically characterizes the weapon used as "a deadly weapon"; (2) by a finding of guilty "as charged in the indictment" when the weapon named in the indictment is a deadly weapon as a matter of law; and (3) by an affirmative finding to a special issue submitted to the jury on whether the weapon used by the defendant was a deadly weapon. *Polk v. State,* 693 S.W.2d 391, 394 (Tex.Crim.App.1985).

■ The instant indictment charged in pertinent part that appellant did "then and there knowingly and intentionally cause the death of Steven Huckaby, an individual, by shooting said Steven Huckaby with a firearm, a deadly weapon." A firearm is a deadly weapon per se. *Polk,* 693 S.W.2d at 394; *Stewart v. State,* 532 S.W.2d 349, 350 (Tex.Crim.App.1976); TEX.PENAL CODE ANN. § 1.07(a)(11) (Vernon 1974). The trial court submitted the case to the jury in accordance with the indictment, and in its charge required the jury, if it convicted the appellant, to find that he caused the victim's death "by shooting Steven Huckaby with a firearm, a deadly weapon." In addition, the trial court submitted a special issue to the jury for it to determine, upon conviction, whether the appellant had used or exhibited a deadly weapon during the offense. At the guilt stage of the bifurcated trial, the jury's verdict found the appellant "guilty as charged in the indictment." Separately, in answer to the special issue the jury found appellant had used or exhibited a deadly weapon during the commission of the offense. Since a firearm is a

deadly weapon per se, all three ways by which a jury may make an affirmative finding are here involved. Such affirmative finding affects parole eligibility and involves the issue of punishment. In orally imposing sentence the trial court included the affirmative finding. The pre-printed judgment, however, contains the entry "no findings" as to "Finding On Use of Deadly Weapon." This was clearly an erroneous recitation.

■ Article 42.12, § 3g(a)(2) requires that upon an affirmative finding that a deadly weapon was used or exhibited the court *shall* enter the finding in its judgment. The trial court has no discretion to do otherwise. *Ex parte Poe,* 751 S.W.2d 873, 876 (Tex.Crim.App.1988). In addition, the Code of Criminal Procedure requires that any such affirmative finding should be made a part of the formal written judgment. TEX.CODE CRIM.PROC.ANN. art. 42.-01(21) (Vernon Supp.1991).

■ This court has the power to correct and reform the judgment of the court below to make the record speak the truth when it has the necessary data and information to do so, or make any appropriate order as the law and the nature of the case may require. *See* TEX.R.APP.P. 80(b) and (c). Where a judgment and sentence improperly reflects the findings of the jury, the proper remedy is the reformation of the judgment. *Aguirre v. State,* 732 S.W.2d 320, 327 (Tex.Crim.App. [Panel Op.] 1982). Courts of appeals have the power to reform incorrect judgments. *Harris v. State,* 670 S.W.2d 284, 285 (Tex.App.—Houston [1st Dist.] 1983, no pet.). Appellate courts have the power to reform whatever the trial court could have corrected by a judgment nunc pro tunc where the evidence necessary to correct the judgment appears in the record. *Rivera v. State,* 716 S.W.2d 68, 71 (Tex.App.—Dallas 1986, pet. ref'd). And "there is authority that there is a mandatory duty to do this." *Waters v. State,* 137 Tex.Crim. 41, 127 S.W.2d 910, 910 (Tex. Crim.App.1939).

■ The authority of an appellate court to reform incorrect judgments is not de-

pendent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court. *Cf.* TEX.R.APP.P. 52(a); *Creeks v. State,* 773 S.W.2d 334 (Tex.App.—Dallas 1989, pet. ref'd). The appellate court may act sua sponte and may have the duty to do so. Appellate courts have frequently reformed judgments to correct improper recitations or omissions relating to punishment. *See, e.g., Banks v. State,* 708 S.W.2d 460, 462 (Tex.Crim.App.1986) (cumulated sentences); *Tamez v. State,* 620 S.W.2d 586, 590 (Tex.Crim.App. [Panel Op.] 1981) (reinstated fine); *Harris v. State,* 565 S.W.2d 66, 70 (Tex.Crim.App.1978) (reinstated punishment of fifteen years assessed by jury rather than ten years reflected in original judgment); *Garza v. State,* 705 S.W.2d 818, 820 (Tex.App.—San Antonio 1986, no pet.) (inserted habitual offender findings); *Norman v. State,* 642 S.W.2d 251, 253 (Tex.App.—Houston [14th Dist.] 1982, no pet.) (reformed fine from $1,000 to $10,000).

More specifically, judgments have been reformed to include a jury's affirmative finding of the use of a deadly weapon. *Herring v. State,* 752 S.W.2d 169, 175 (Tex. App.—Houston [1st Dist.] 1988), *remanded on other grounds,* 758 S.W.2d 283 (Tex. Crim.App.1988); *Rische v. State,* 746 S.W.2d 287, 292 (Tex.App.—Houston [1st Dist.] 1988), *remanded on other grounds,* 755 S.W.2d 477 (Tex.Crim.App.1988), *on remand,* 757 S.W.2d 518 (Tex.App.—Houston [1st Dist.] 1988, pet. denied); *Johnson v. State,* 712 S.W.2d 566, 567 (Tex.App.— Houston [1st Dist.] 1986, no pet.); *Sorenson v. State,* 709 S.W.2d 321, 323 (Tex. App.—Texarkana 1986, no pet.). The failure of the trial court to make the necessary entry as to an affirmative finding is not an error of judicial reasoning "but rather an error of a clerical nature." *Poe,* 751 S.W.2d at 876; *Clark v. State,* 754 S.W.2d 499, 500–01 (Tex.App.—Fort Worth 1988, no pet.); *Curry v. State,* 720 S.W.2d 261, 263 (Tex.App.—Austin 1986, pet. ref'd); *Johnson,* 712 S.W.2d at 567.

█ Further, where an affirmative finding has been improperly entered in the judgment, appellate courts may reform the judgment by deleting the finding. *See, e.g., Easterling v. State,* 710 S.W.2d 569, 582 (Tex.Crim.App.1986), *cert. denied,* 479 U.S. 848, 107 S.Ct. 170, 93 L.Ed.2d 108; *Travelstead v. State,* 693 S.W.2d 400, 402 (Tex.Crim.App.1985); *Perez v. State,* 704 S.W.2d 499, 501 (Tex.App.—Corpus Christi 1986, no pet.).

In light of the evidence available to this court, and the authority invested in it, we reform the judgment to speak the truth. We are aware that *Creeks* has seemingly been decided to the contrary. *Creeks* involved an *Anders–Gainous* brief concluding that the appeal was wholly frivolous and without merit. *See Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Gainous v. State,* 436 S.W.2d 137 (Tex.Crim.App.1969). A panel of this court agreed. The State in its brief labeled a request as a "counterpoint" seeking to reform the judgment to include therein an affirmative finding by the jury that the defendant had used a deadly weapon during the commission of the offense. This was a regrettable choice of terminology. The State obviously sought a correction of what it deemed a clerical error and sought the appellate court's action on its own motion to reform the judgment to make it speak the truth. *See* TEX.R.APP.P. 80(b) and (c). The panel opinion on original submission in *Creeks* viewed the insertion of "N/A" in the appropriate block on the pre-printed judgment form relating to "Findings on use of deadly weapon" not as a clerical error but one of judicial reasoning in view of the pre-printed narrative recitation in the judgment form. Such recitation read:

> The court further makes its finding as to deadly weapon as set forth above based on the jury's verdict or the findings of the Court when punishment fixed by the court.

A careful reading of the pre-printed recitation, general in nature, shows it was primarily designed and applicable when there had been an affirmative finding by judge or jury. Despite the jury's verdict, the panel opinion on original submission decided that there had been judicial error which could not be corrected upon the State's

complaint. Observing that the State had only a limited right of appeal and none in the *Creeks* appeal, the panel applied Rule 52 of the Texas Rules of Appellate Procedure and held that the failure of the State (the non-appealing party) to complain or object to the judgment in the trial court waived any error.

On rehearing the State relied upon *Poe*, arguing that the failure of the trial court was *not* an error of judicial reason "but rather an error of clerical nature." *Poe*, 751 S.W.2d at 876. The "lead" opinion on rehearing sought to distinguish between *Poe* and other cases on the basis that the judgments in those cases were silent as to the use of a deadly weapon, whereas the *Creeks'* judgment made a finding of "N/A" even though it was contrary to the jury's verdict. The concurring opinion on rehearing could not agree on the "undue emphasis on any distinction between this case and *Ex parte Poe....*" *Creeks*, 773 S.W.2d at 336 (Thomas, J., concurring). It relied, instead, upon the failure of the State (as a non-appealing party) to make a timely request, objection, or motion in the trial court, Texas Rule of Appellate Procedure 52(a), or move for a judgment nunc pro tunc in the trial court prior to the appeal. There was also a dissenting opinion on rehearing indicating the three-member panel was badly split.

What was overlooked, as earlier discussed, is the fact that an appellate court, on its own motion, can reform the judgment to make the record speak the truth. In fact, it has a duty to do so, and such duty is not dependent upon a request by either party or whether they objected and preserved error in the trial court. Reliance on Rule 52(a) was misplaced in *Creeks*. Further, it is universally known that judgments in criminal cases, unlike those in civil cases, are generally prepared by clerks or other court personnel, and are not normally submitted to the parties for approval as to form. Often the parties learn of the judgment's recitations for the first time when the record is examined for appellate purposes and after the trial court has lost jurisdiction of the cause. At that time it is too late for either party to call the error to the trial court's attention or to move for a nunc pro tunc judgment there. *See Stevens v. State*, 371 S.W.2d 398 (Tex.Crim. App.1963).

■ For an appellate court to ignore its duty to correct the record to speak the truth when the matter has been called to its attention by any source, and when it has the necessary data to do so, and to force a later nunc pro tunc proceeding in the trial court ensuring the possibility of another appeal in the same case, as happened here, does nothing to aid judicial economy. *See Creeks v. State*, 807 S.W.2d 853 (Tex. App.—Dallas, 1991, no pet. h.). We find that the failure of the trial court to enter the necessary affirmative finding as to the use or exhibition of a deadly weapon is a clerical error; we overrule *Creeks* to the extent of any conflict.

We reform the judgment to reflect the jury's answer to the special issue submitted:

> We, the jury, find from the evidence beyond a reasonable doubt that the defendant used or exhibited a deadly weapon during the commission of the offense of murder.

/s/ J.M. Britain

Foreman

We further find that the judgment fails to set out the verdict of the jury verbatim. The importance of this is demonstrated by the discussion of the meaning given to the words "as charged in the indictment" when found in the body of the verdict. The requirements of article 42.01 of the Texas Code of Criminal Procedure are not met by simply inserting the general nature of the verdict and the name of the foreman in blanks or blocks in a preprinted form. Therefore, we reform the judgment to reflect the verdict of the jury as follows:

> We, the jury, find the Defendant, Luther Junior Asberry, guilty as charged in the Indictment.

/s/ J.M. Britain

Foreman

As reformed, the judgment is affirmed.