AFFIRM as modified; Opinion issued December 21, 2012



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-11-00900-CR

### ANTONIO VIELMA, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F09-72461-T**

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Bridges and Myers
Opinion By Chief Justice Wright

Antonio Vielma appeals from the adjudication of his guilt for indecency with a child by contact. In four points of error, appellant contends the judgment adjudicating guilt should be modified to show: (1) the correct statute for the offense; (2) he pleaded not true to the motion to adjudicate; (3) there was no plea bargain agreement; and (4) the condition of community supervision he was found to have violated. We modify the trial court's judgment and affirm as modified. The background of the case and the evidence admitted at trial are well known to the parties, and we therefore limit recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

Appellant was indicted for continuous sexual abuse of a child. The trial court granted the

State's motion to reduce the offense charged to indecency with a child by contact. Appellant pleaded guilty to indecency with a child. Pursuant to a plea agreement, the trial court deferred adjudicating guilt, placed appellant on ten years' community supervision, and assessed a $3,000 fine. The State later moved to adjudicate guilt, alleging appellant violated condition (b) by failing to report to his supervision officer; condition (j) by failing to pay probation fees; condition (*l*) by failing to perform community service hours; condition (n) by failing to pay urinalysis fees; condition (t) by failing to submit to a DNA test; and condition (x) by failing to obtain a sex offender evaluation. During a hearing on the motion, appellant pleaded not true to the allegations, and the State abandoned allegations (j) and (n). The trial court found that appellant violated condition (b) of community supervision, adjudicated appellant guilty, and assessed punishment at twenty years' imprisonment.

Although appellant was convicted of the offense of indecency with a child by contact, as defined in section 21.11 of the Texas Penal Code, the judgment recites the statute for the offense as section 21.02, continuous sexual abuse of a child. The judgment also reflects appellant pleaded true to the motion to adjudicate, the plea terms were "open," and the trial court found appellant violated the conditions of community supervision as set out in the "attached motion to adjudicate,' which lists the original six violations. Thus, the judgment is incorrect. We sustain each of appellant's issues.

We modify the trial court's judgment as follows: (1) the statute for the offense is section 21.11(a)(1) of the Texas Penal Code; (2) the plea to the motion to adjudicate is not true; (3)the terms of the plea bargain are open; and (4) while on community supervision, appellant violated condition (b) of community supervision by failing to report to his supervision officer. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment.

_____
CAROLYN WRIGHT
CHIEF JUSTICE

Do Not Publish
TEX. R. APP. P. 47
110900F.U05

-3-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANTONIO VIELMA, Appellant

No. 05-11-00900-CR      V.

THE STATE OF TEXAS, Appellee

Appeal from the 283rd Judicial District
Court of Dallas County, Texas. (Tr.Ct.No.
F09-72461-T).
Opinion delivered by Chief Justice Wright,
Justices Bridges and Myers participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

The section entitled "Statute for Offense" is modified to show "21.11(a)(1) Penal Code."

The section entitled "Plea to Motion to Adjudicate" is modified to show "Not True."

The section entitled "Terms of Plea Bargain" is modified to show "None."

The section entitled "(5) While on community supervision, Defendant violated the terms" is modified to show "(5) While on community supervision, Defendant violated condition (b) of community supervision as set out in the State's original motion to adjudicate guilt."

As modified, we **AFFIRM** the trial court's judgment.

Judgment entered December 21, 2012.

_____
CAROLYN WRIGHT
CHIEF JUSTICE