**MODIFY and AFFIRM; and Opinion filed February 26, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00877-CR

### LASHANDA WILLIAMS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the 194th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F10-59807-M

## MEMORANDUM OPINION

Before Justices Bridges, O'Neill, and Brown
Opinion by Justice O'Neill

LaShanda Williams appeals from the adjudication of her guilt for possession of cocaine in an amount less than one gram. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (Wet 2010). The trial court assessed punishment at two years' confinement in state jail, probated for five years. In three issues, appellant contends the judgment should be modified to correct several errors. We modify the judgment adjudicating guilt and affirm as modified.

Appellant contends the judgment adjudicating guilt should be modified to show there was no plea agreement, the trial court found the allegations in the amended motion to adjudicate true, and the trial court suspended the sentence and placed appellant on regular community supervision. The State responds that the judgment should be modified in the ways appellant has requested.

The record shows the case proceeded on the State's amended motion to adjudicate guilt and appellant entered an open plea of true to the allegations in the amended motion. The trial court adjudicated appellant guilty, and assessed punishment at two years' imprisonment, probated for five years. The judgment adjudicating guilt incorrectly recites terms of a plea bargain. The judgment also incorrectly states that appellant violated the terms and conditions of community supervision as set out in the original motion to adjudicate. Moreover, the judgment incorrect states the trial court ordered the sentence to be executed. We sustain appellant's three issues.

We modify the trial court's judgment adjudicating guilt to show (1) appellant entered an open plea of true; (2) appellant violated the terms and conditions as set out in the State's amended motion to adjudicate; and (3) the sentence was suspended and appellant placed on five years' community supervision. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.─Dallas 1991, pet. ref'd). We also modify the judgment adjudicating guilt to reflect appellant's true name is LaShanda Williams.[1] *See id.*

As modified, we affirm the trial court's judgment.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

130877F.U05

---

[1] Appellant's name on the indictment and the written judgment adjudicating guilt was incorrectly spelled as LaShandra Williams and LaShondra Williams, respectively.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LASHANDA WILLIAMS, Appellant

No. 05-13-00877-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the 194th Judicial District Court of Dallas County, Texas (Tr.Ct.No. F10-59807-M).
Opinion delivered by Justice O'Neill, Justices Bridges and Brown participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

Appellant's name is modified to show "LaShanda Williams"

The section entitled "Terms of Plea Bargain" is modified to show "Open."

The section entitled "(5) While on community supervision" is modified to show "(5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's amended Motion to Adjudicate Guilt."

The section entitled "Executive/Suspension of Sentence" is modified to show "The Court orders Defendant's sentence of confinement suspended."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered February 26, 2014.

/Michael J. O'Neill/
_____
MICHAEL J. O'NEILL
JUSTICE

-3-