**Affirmed as Modified and Opinion Filed April 26, 2017**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-16-00298-CR

### MONTRANCE TYRONE ROBERSON, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 195th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1551843-N**

## MEMORANDUM OPINION

Before Justices Francis, Brown, and Schenck
Opinion by Justice Francis

A jury convicted Montrance Tyrone Roberson of aggravated robbery and assessed punishment at eighty years in prison. On appeal, appellant brings two issues: (1) the trial court erred by failing to sua sponte instruct the jury at punishment on temporary insanity due to intoxication and (2) the judgment should be modified to accurately reflect defense counsel's name. We overrule the first issue. We sustain the second issue and modify the judgment as requested. We affirm the judgment as modified.

Gabe Tedros was the clerk at the Stop n' Shop convenience store in Pleasant Grove. In the early morning hours of February 3, 2015, appellant entered the store and asked about another clerk. Tedros recognized appellant because he had been in the store on a few other occasions. Tedros was sitting in the glassed-in booth with the side door open, and appellant entered the

booth. As appellant walked closer, Tedros was scared because appellant was not acting "normal" and he thought appellant "must be" under the influence of some drug. Tedros was able to exit the booth, but appellant chased Tedros around the store, punching and hitting him. Tedros tried to return to the booth and lock the door, but appellant stopped him. Appellant stabbed Tedros in the stomach and leg, slashed at his face, and threatened to kill him "[v]ery slowly."

Appellant took Tedros's wedding ring and phone and demanded his money. Tedros could not reach the money in his pocket so he took off his pants and gave them to appellant. When appellant went back to the booth to get the store's money, Tedros ran out of the store to a nearby 7-Eleven, where the police were called. The Stop n' Shop's surveillance video captured the events and was admitted into evidence.

Appellant was arrested shortly after the robbery walking in a nearby neighborhood. He had fresh blood on his pants. The officer searched appellant and found a box cutter, a cigarette package with blood on it, and two cell phones, one of which belonged to Tedros. The officer said appellant appeared to be intoxicated on a substance other than alcohol and called for an ambulance because he thought he needed medical attention. When paramedics removed appellant's jacket, they found "a bunch of loose cash" in the sleeve. At the hospital, appellant was belligerent and had to be physically restrained. His urine screened positive for amphetamines, cannabinoids, cocaine, opiates, and PCP.

Appellant testified he went to the store to buy a pack of cigarettes. He said he gave Tedros a $100 bill, but Tedros would not give him his change and called him a racial slur. Appellant said he went to the side of the booth, but did not go in, and demanded his money. He said Tedros cussed him out and hit him in the head, knocking him out. Appellant said he remembered nothing else until he woke up in the hospital. Appellant said the store video, which

contradicted his story, had been edited. He did not recall having "any scuffle" with Tedros or being arrested.

On cross-examination, he denied having a knife that night, but when shown the surveillance video of him carrying a knife around the store, he attempted to "plead the Fifth." He also said he had "no memory" of telling a nurse that he "did some heroin and meth," then "beat the shit out of some motherfucker" that called him a "no-shit 'n' ho" and made the man "stab himself a few times with his own blade."

In his first issue, appellant complains he was egregiously harmed during the punishment phase by the trial court's failure to include an instruction on temporary insanity due to intoxication. He argues such an instruction would have allowed the jury to consider his intoxication in mitigation of his punishment.

The trial judge is "ultimately responsible for the accuracy of the jury charge and accompanying instructions." *Vega v. State*, 394 S.W.3d 514, 518 (Tex. Crim. App. 2013). Under article 36.14 of code of criminal procedure, "the judge shall, before the argument begins, deliver to the jury, except in pleas of guilty, where a jury has been waived, a written charge distinctly setting forth the law applicable to the case . . . ." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007). The trial judge has the duty to instruct the jury on the law applicable to the case even if defense counsel fails to object to inclusions or exclusions in the charge. *Vega*, 394 S.W.3d at 519. But article 36.14 imposes no duty on a trial judge to instruct the jury sua sponte on unrequested defensive issues because an unrequested defensive issue is not the law "applicable to the case." *Id.*; *Posey v. State*, 966 S.W.2d 57, 62 (Tex. Crim. App. 1998). Consequently, a defendant cannot complain on appeal about the trial judge's failure to include a defensive instruction he did not preserve by request or objection: he has procedurally defaulted any such complaint. *Vega*, 394 S.W.3d at 519. Temporary insanity caused by intoxication is a

defensive issue. *See Williams v. State*, 273 S.W.3d 200, 222 (Tex. Crim. App. 2008) (comparing capital murder mitigation issue with "a number of punishment mitigating factors that are *clearly defensive issues, including temporary insanity caused by intoxication*") (emphasis added); *Logan v. State*, No. 02-11-00409-CR, 2013 WL 3488259, at *2 (Tex. App.—Fort Worth Jul. 11, 2013, no pet.) (mem. op.).

Here, the record shows appellant did not request an instruction in the charge that the jury could consider the mitigating effect of temporary insanity caused by intoxication. Because the trial court has no duty to give an instruction on defensive issues when not requested, we overrule his first issue. *See Vega*, 394 S.W.3d at 519; *Logan*, 2013 WL 3488259, at *2.

In his second issue, appellant requests that we modify the judgment to accurately reflect the name of defense counsel. This Court has the authority to correct the judgment of the court below to make the record "speak the truth" when we have the necessary data and information to do so. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). The judgment shows defense counsel was Matthew Seymour; the reporter's record, however, shows appellant was represented at trial by George Conkey. We sustain appellant's second issue.

We modify the trial court's judgment to reflect George Conkey as defense counsel. As modified we affirm.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
160298F.U05

–4–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MONTRANCE TYRONE ROBERSON, Appellant

No. 05-16-00298-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 195th Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1551843-N.
Opinion delivered by Justice Francis; Justices Brown and Schenck participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

To reflect George Conkey as Attorney for Defendant.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered April 26, 2017.