**Modified and Affirmed and Opinion Filed February 5, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-23-00352-CR

**ZACHARY MICHAEL LEE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 1**
**Collin County, Texas**
**Trial Court Cause No. 001-86283-2022**

## MEMORANDUM OPINION

Before Justices Carlyle, Goldstein, and Breedlove
Opinion by Justice Breedlove

The trial court found appellant guilty of Failure to Identify Fugitive Intentionally Giving False Information in violation of Texas Penal Code 38.02 (b)(2), (d)(2) and was sentenced to 15 days in county jail. Appellant appeals, complaining that the judgment should be modified to correctly reflect the information required by Tex. Code Crim. Proc. art. 42.01, § 1. Concluding that the record supports this modification, we modify the trial court's judgment and affirm.

# I. BACKGROUND

On April 17, 2023, appellant appealed the trial court's judgment that was entered on March 30, 2023. In one issue, appellant complains that the judgment should be modified to correctly reflect the information required by Tex. Code Crim. Proc. art. 42.01, § 1, specifically: (a) the names of the attorneys for the State and appellant; (b) the plea entered; and (c) the degree of the offense for which appellant was convicted. In response, the State agrees.

# II. DISCUSSION

The judgment entered in this case fails to list the names of the attorneys for the State and Defense. Further, it ambiguously states that appellant "pleaded Guilty or Nolo Contendere," rather than stating which of the two pleas was entered. Finally, the judgment does not state the degree of the offense, only that it is a "misdemeanor." The Texas Code of Criminal Procedure states that a judgment "shall reflect," among other things, the names of the attorney for the State and the defendant, the plea to the offense charged, and the degree of offense for which the defendant was convicted. TEX. CODE CRIM. PROC. ANN. art. 42.01 § 1. The Article applies to misdemeanors as well as felonies. TEX. CODE CRIM. PROC. ANN. art. 42.01 § 3.

Appellate courts may modify a trial court's judgment and affirm it as modified. See TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993). This Court "has the power to correct and reform the judgment of the court below to make the record speak the truth when it has the necessary data and

information to do so." *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, writ ref'd). Appellate courts may reform trial court judgments where "the evidence necessary to correct the judgment appears in the record." *Id.* Here, the record contains all the necessary information required to modify the judgment. Therefore, we modify the judgment to reflect the following: (1) Hugh A. Fuller was the attorney for the defendant and Assistant District Attorney Nicole DeVincenzi was the attorney for the State; (2) appellant pleaded "guilty"; and (3) appellant was convicted of a Class A misdemeanor.

### III.   CONCLUSION

We modify the trial court's judgment and affirm as modified.


230352f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)

/Maricela Breedlove/
MARICELA BREEDLOVE
JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

ZACHARY MICHAEL LEE, Appellant

No. 05-23-00352-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 1, Collin County, Texas Trial Court Cause No. 001-86283-2022.
Opinion delivered by Justice Breedlove. Justices Carlyle and Goldstein participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

Add "Hugh A. Fuller" as the attorney for the defendant; add "Nicole DeVincenzi" as the attorney for the State; change "pleaded Guilty or Nolo Contendere" to "Guilty"; and add "Class A" before "misdemeanor."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 5th day of February, 2024.