**AFFIRMED as MODIFIED and Opinion Filed August 19, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-23-00444-CR

**DARIUS HARRIS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F22-75615-Q**

## MEMORANDUM OPINION

Before Justices Reichek, Goldstein, and Garcia
Opinion by Justice Goldstein

Appellant Darius Harris appeals his conviction for aggravated assault with a deadly weapon. In a single merits-based issue, appellant argues that the trial court erred in denying his motion to suppress a recorded custodial interrogation by police. Appellant raises four additional issues relative to modification of the judgment to which the State agrees. The State then raises additional cross-points to modify the judgment. As reformed, the trial court's judgment is affirmed.

# BACKGROUND

In May 2022, appellant was charged by indictment with aggravated robbery. In April 2023, appellant filed a motion to suppress his custodial statements because law enforcement failed to satisfy the recording requirements imposed by Article 38.22 Texas Code of Criminal Procedure. On the day trial commenced, outside the presence of the jury, the trial court held a hearing on the motion to suppress. Appellant asserted the recording of his interrogation did not comply with Article 38.22 because there was no video recording of the interrogation, only audio, "when they had the ability to video record."[1] Appellant's counsel argued:

> The idea, of course, being as simple as, if we had the ability to see what's happening, it's much better to see it than to hear it, especially in terms of confessions or statements against his interest, in order to have a better idea of whether or not it's voluntary, and all the procedural checkmarks to ensure that [appellant] has received full due process of law."

The trial court overruled the objection, stating that "as long as it supports that all the voices are identified, and he's properly admonished regarding his rights to remain silent, and that there is an affirmative waiver of those rights."

The State called Senior Corporal Leland Limbaugh, a detective with the Dallas Police Department at the time of the investigation, who testified that he conducted interviews with both the complainant and the appellant, that he read appellant his rights, and that appellant indicated he understood his rights. That

---

[1] The state asserted that video recording was not permitted at the jail at the time.

interview was recorded. Outside the presence of the jury, the defense conducted a voir dire examination of detective Limbaugh. Limbaugh testified that the interview took place at Lew Sterrett Jail and as to why the interview was not videotaped. Limbaugh agreed that videotape would be better but he believed "that being audio recorded of somebody reading you the Miranda warning was sufficient." At that time the trial court requested to hear the recording. Upon listening to the audio recording the trial court stated that "[a]nything - - any questions that - - that were asked prior to reading the Miranda are out." Defense counsel objected to the recording stating:

> In its entirety, Judge, and not just that there would be a better way to have done it, but the audio quality is horrible. In the jail, it's often almost impossible to hear what my client says in order that I can prepare and defend him thoroughly. I just -- there's -- the audio is just so bad.
>
> . . .
>
> I think further, Judge, at no -- I mean, there's no signed Miranda consent form. There's no evidence that he was given a copy of it. He - - he's rattled off these warnings quickly. And then, it appears [appellant] says he's willing to speak, and then he says two other words, which are in- -- unintelligible, and then the officer says, I understand, yeah, you can stop. And it's what those two words -- it's just indicative of problems replete through this 39 minutes, is what he says is critical, and I can't tell what he says.

In response to the trial court asking whether defense counsel wanted a new requirement for a written waiver, counsel responded:

> No, Judge, that would just be, in this particular case, where all we have is the audio, it would be the sort of extra indicators that he had intelligently and knowingly waived his rights. Unable to see the circumstances of the room, the dynamics of how they're positioned, I have no clue as to the relative powers of the parties, the sorts of things that videos show 100 percent.

Addressing concerns about whether there was another potential witness in the room, Limbaugh testified that he was the only person with appellant. The trial court then advised counsel that he understood the objection, cautioned Limbaugh not to "ever do these jail interviews like this under this bad recording again," and concluded, "[s]o in the future, it's fixed, and, now you're stuck with it, and you have your issue on appeal." The court orally ruled the defense had "a running objection" and admitted the recording.

Before the jury, Limbaugh testified the interview was electronically recorded and agreed that it was not "the best audio quality." The State then advised "we'll stop and recap some -- some of the hard-to-hear parts." The State published the recording as State's Exhibit 80 pursuant to the court's prior ruling, pausing at identified times in the recording to ask what was being shown, said, or to recap for the jury what was heard. The jury convicted appellant of the lesser included offense of aggravated assault, with a deadly-weapon finding, and the trial court assessed punishment. This appeal followed.

## ANALYSIS

### A. Motion to Suppress

In his single merits-based issue, Appellant avers that "[t]he trial court erred in overruling [appellant's] motion to suppress his statement made during custodial interrogation because the police failed to administer the statutory warning pursuant to the standards of Article 38.22 of the Texas Code of Criminal Procedure."

–4–

Appellant argues the trial court erred in denying his motion to suppress the recording of his interview with Limbaugh because there was no video recording, only audio, in contravention of the requirements of Article 38.22. Appellant avers that the "State failed to meet its burden of proving by a preponderance of the evidence that [appellant] knowingly, intelligently, and voluntarily waived his rights under Article 38.22. Appellant contends that "[b]ecause there was no video and the audio was 'horrible,' the record is not clear whether [Appellant] voluntarily waived his rights provided in Article 38.22."

We review a trial court's ruling on a motion to suppress under a bifurcated standard of review, where fact findings are reviewed for abuse of discretion and applications of law are reviewed de novo. *State v. Ruiz*, 581 S.W.3d 782, 785 (Tex. Crim. App. 2019). We give near total deference to the trial court's determinations of historical fact and to mixed questions of law and fact that turn on witness credibility when supported by the record. *See State v. Martinez*, 570 S.W.3d 278, 281 (Tex. Crim. App. 2019). We uphold the trial court's ruling if it is correct on any applicable theory and is reasonably supported by the record. *Ruiz*, 581 S.W.3d at 785.

We will review the record of the hearing on the voluntariness of the confession to determine if the person who took the appellant's statement properly warned the appellant first. *Westley v State*, 754 S.W.2d 224, 228 (Tex. Crim. App. 1988) (en banc). From this we can decide if the trial court's finding that the statement was given voluntarily was supported by the evidence. *Id.* At a hearing on the

voluntariness of a confession, the trial court is the sole judge of the credibility of the witness. *Paster v. State*, 701 S.W.2d 843, 846 (Tex. Crim. App. 1985); *see also Westley*, 754 S.W.2d at 228 ("The judge at the *Jackson v. Denno*[2] hearing is the sole judge of the weight and credibility of the witnesses. He may believe or disbelieve all or any part of any witness' testimony.") (quoting *Lamb v. State*, 680 S.W.2d 11 (Tex. Crim. App. 1984)).

The sole basis for appellant's objection was the lack of videotape recording to corroborate the knowing and voluntary waiver of Appellant's *Miranda* rights. Appellant bases this argument on Section 3(a) of Article 38.22, which provides:

> No oral or sign language statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless:
>
> (1) an electronic recording, which may include motion picture, video tape, or other visual recording, is made of the statement;
>
> (2) prior to the statement but during the recording the accused is given the [*Miranda* warning] and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warning;
>
> (3) the recording device was capable of making an accurate recording, the operator was competent, and the recording is accurate and has not been altered;
>
> (4) all voices on the recording are identified; and
>
> (5) not later than the 20th day before the date of the proceeding, the attorney representing the defendant is provided with a true, complete, and accurate copy of all recordings of the defendant made under this article.

---

[2] 378 U.S. 368 (1964)

TEX. CODE CRIM. PROC. art. 38.22.[3] The court of criminal appeals has long held that Section 3(a) does not preclude audio-only recordings:

> We do not construe Sec. 3(a)(1) of Art. 38.22, supra, to exclude audio recordings, but rather to point out that the electronic recording "may include" certain named visual recordings. We reject appellant's contention that Art. 38.22, Sec. 3(a)(1), supra, requires that all oral statements be visually recorded.

See *Paster*, 701 S.W.2d at 846; *see also Owens v. State*, 2024 WL 2075840 *2 (Tex. App.—Dallas May 9, 2024, no pet.) (mem. op., not designated for publication).

There is no dispute that the recording was not the best audio quality. However, Limbaugh, who personally conducted the interview, was able to testify as to what appellant was being shown and heard, and to recap portions of the interview. As there was no other challenge to Limbaugh's testimony regarding the audio recorded interview, we conclude the trial court was within its discretion to admit the audio recording. Accordingly, the trial court did not err in overruling appellant's motion to suppress the recording of his interview. *See Ruiz*, 581 S.W.3d at 785. We overrule appellant's first issue.

---

[3] During the pretrial hearing on the suppression motion, after confirming with the state that "all voices on the recording are identified" the trial court inquired whether "[o]ther than the fact that it wasn't videotaped . . . Are there any other grounds to suppress the statement?" Defense counsel relying on Article 2.32 of the Code of Criminal Procedure maintained that the waiver had to be videotaped. The State countered that 2.32 did not apply to the offense as aggravated robbery is not one of the enumerated offenses in Section 2.32(b). The state further argued that Article 2.32 is not an evidentiary section governing the admissibility of evidence. The trial court overruled appellant's objection regarding Article 2.32 ruling that it would "allow it as long as it supports that all the voices are identified, and he's properly admonished regarding his rights to remain silent, and that there is an affirmative waiver of those rights." The trial court stated it would make findings of fact regarding its decision, but no such findings are in the record. On appeal, appellant does not challenge the trial court's admission of the audio tape on the basis of Article 2.32. We therefore do not address the matter.

**A. Modification of the Judgment**

Both Appellant and the State request that the judgment be modified. This Court has the power to correct and reform the judgment of the court below to make the record speak the truth when it has the necessary data and information to do so, or make any appropriate order as the law and the nature of the case may require. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).

### 1.    *Appellant's Second to Fifth Issues*

In his second to fifth issues, appellant asks that the judgment be modified to reflect: the correct offense for which Appellant was convicted; the correct statute for which Appellant was convicted; that Appellant pleaded not guilty; and at punishment Appellant pleaded "true" to the enhancement paragraph. The State agrees that the judgment should be modified as requested.

Appellant was indicted for aggravated robbery and after trial by jury was convicted of the lesser included offense of aggravated assault. The judgment reflects under the entry for "Offense for Which Defendant Convicted: AGGRAVATED ROBBERY." We therefore delete "AGGRAVATED ROBBERY" and add "AGGRAVATED ASSAULT."

Under the entry for "Statute for Offense" the judgment reflects: "29.03 Penal Code," the statute for aggravated robbery. The statute for aggravated assault is Section 22.02 of the Penal Code. We therefore delete "29.03 Penal Code" from this entry and add "22.02, Penal Code."

Under the entry for "Plea to Offense" the judgment reflects "GUILTY." The record reflects that appellant pled not guilty to the charged offense. We therefore delete "GUILTY" from this entry and add "NOT GUILTY."

The indictment included an enhancement paragraph, alleging appellant had an Ellis County felony conviction for aggravated robbery on January 21, 2010. The record reflects that during the punishment phase, the enhancement paragraph as set forth in the indictment was raised, formal reading waived, and appellant pleaded true. Under the entry for "1st Enhancement Paragraph" the judgment reflects "N/A." We therefore delete "N/A" and add "TRUE."

We sustain appellant's second to fifth issues.

### 2. *State's Cross Points*

The State's Cross Points requests three modifications to the judgment to reflect that the name of the trial court judge, that the trial court implicitly found the enhancement paragraph true, and to correct the name of the lead prosecutor.

The entry for "Judge Presiding" is blank on the judgment. The record reflects that Judge Andy Chatham presided over the trial. We therefore add "ANDY CHATHAM."

The entry for "Attorney for State" reflects "HARLEY ANAGGNOSTIS." The State avers this is an incorrect spelling and the record reflects the correct spelling of the lead prosecutor to be "Anagnostis." We therefore delete "HARLEY ANAGGNOSTIS" and add "HARLEY ANAGNOSTIS."

The entry for "Finding on 1st Enhancement Paragraph" reflects "N/A." The record establishes that the trial court assessed punishment. During the punishment phase appellant waived formal reading of the enhancement paragraph, pled true in open court, and the trial court entered the "plea of true". The trial court admitted State's Exhibits 83-88 for all purposes, over no objection, which reflected the prior offense for purposes of enhancement.

Aggravated assault with a deadly weapon is a second-degree felony with a punishment range of not more than twenty years or less than two years and a fine of up to $10,000. TEX. PEN. CODE ANN. §§ 12.33, 22.02. When enhanced by a prior felony conviction, the range of punishment is not less than five years or more than ninety-nine years or life confinement. TEX. PEN. CODE ANN. §§ 12.33, 12.42. The trial court in assessing punishment recognized that appellant is a "prior felon" in possession of a gun and sentenced him to thirty years' confinement. The trial court noted that "[i]t's a conviction for aggravated assault enhanced." Although the trial court did not orally pronounce that it found the enhancement paragraph to be true, the statements by the trial court prior to, and the basis of assessing a sentence of thirty years confinement, is consistent with a finding the enhancement paragraph true. We therefore delete "N/A" for this entry and add "TRUE".

We sustain the State's cross point.

## DISPOSITION

We modify the judgment as follows:

–10–

- Under the entry for "Offense for which Defendant Convicted" we delete "Aggravated Robbery" and add "Aggravated Assault";

- Under the entry for "Statute for Offense" we delete "29.03 Penal Code" and add "22.02 Penal Code";

- Under the entry for "Plea to Offense" we delete "GUILTY" and add "NOT GUILTY";

- Under the entry for "1st Enhancement Paragraph" we delete "N/A" and add "TRUE";

- Under the entry "Judge Presiding" we add "ANDY CHATHAM";

- Under the entry "Attorney for State" we delete "HARLEY ANAGGNOSTIS" and add "HARLEY ANAGNOSTIS"; and

- Under the entry "Finding on 1st Enhancement Paragraph" we delete "N/A" and add "TRUE".

As modified, we affirm the trial court's judgment.


/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
230444F.U05

–11–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DARIUS HARRIS, Appellant

No. 05-23-00444-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial District Court, Dallas County, Texas Trial Court Cause No. F22-75615-Q. Opinion delivered by Justice Goldstein. Justices Reichek and Garcia participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

(1) Under the entry for "Offense for which Defendant Convicted" we **DELETE** "Aggravated Robbery" and **ADD** "Aggravated Assault";

(2) Under the entry for "Statute for Offense" we **DELETE** "29.03 Penal Code" and **ADD** "22.02 Penal Code";

(3) Under the entry for "Plea to Offense" we **DELETE** "GUILTY" and **ADD** "NOT GUILTY";

(4) Under the entry for "1st Enhancement Paragraph" we **DELETE** "N/A" and **ADD** "TRUE";

(5) Under the entry "Judge Presiding" we **ADD** "ANDY CHATHAM";

(6) Under the entry "Attorney for State" we **DELETE** "HARLEY ANAGGNOSTIS" and **ADD** "HARLEY ANAGNOSTIS"; and

(7) Under the entry "Finding on 1st Enhancement Paragraph" we **DELETE** "N/A" and **ADD** "TRUE"

–12–

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 19th day of August 2024.