

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00127-CR

---

JAMARION TERRELL WILLIAMS, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 213th District Court
Tarrant County, Texas[1]
Trial Court No. 1804990, Honorable John W. Weeks, Presiding

---

October 21, 2025

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Following a plea of not guilty, Appellant Jamarion Terrell Williams, was convicted by a jury of assault with an affirmative finding the offense involved family violence.[2] Appellant pled true to the repeat offender enhancement and punishment was assessed

---

[1] This cause was originally filed in the Second Court of Appeals and was transferred to this Court by a docket-equalization order of the Supreme Court of Texas. See TEX. GOV'T CODE § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

[2] TEX. PENAL CODE § 22.01(b)(2)(A).

by the jury at confinement for twenty years plus a $10,000 fine.  By a sole issue, he contends the judgment should be reformed to correctly identify the Family Code section referencing family violence.  We agree and affirm as modified.

## BACKGROUND

Appellant does not challenge the sufficiency of the evidence; thus, only necessary details to reform the judgment are addressed.

Under the heading "**Furthermore, the following special findings or order apply**" on page 3 of the trial court's judgment recites as follows:

THE COURT AFFIRMATIVELY FINDS THAT THE OFFENSE INVOLVED FAMILY VIOLENCE AS DEFINED BY SEC. 71.01 FAMILY CODE.

The current version of the Family Code no longer contains section "71.01."  Article 42.013 of the Code of Criminal Procedure authorizes the trial court to make a finding of family violence as defined by "Section 71.004, Family Code."  TEX. CODE CRIM. PROC. art. 42.013.  Appellant does not challenge the family violence finding.  We sustain his issue and reform the judgment.

## REFORMATION OF JUDGMENT

This Court has the power to modify the judgment of the court below to make the record speak the truth when we have the necessary information to do so.  TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993).  Appellate courts have the power to reform whatever the trial court could have corrected by a judgment *nunc pro tunc* where the evidence necessary to correct the judgment appears in the

2

record.  *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd).  The power to reform a judgment is "not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court."  *Id.* at 529–30.  Thus, we modify the trial court's judgment to correctly identify on page 3 of the judgment that the offense involved family violence as defined by "Sec. 71.004 FAMILY CODE" and not section 71.01.

The trial court is ordered to enter a judgment to reflect this reformation, and the trial court clerk is directed to provide a copy of the corrected judgment to Appellant, the Institutional Division of the Texas Department of Criminal Justice, and this Court.

As modified, the trial court's judgment is affirmed.

Alex Yarbrough
Justice

Do not publish.