**AFFIRMED as Modified; Opinion Filed March 26, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-00909-CR
No. 05-13-00910-CR

**WILLIAM NELLIUS HUBBARD, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause Nos. F05-26988-Y, F05-26990-Y**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Myers

William Nellius Hubbard appeals following the adjudication of his guilt for two aggravated robbery with a deadly weapon offenses. In six issues, appellant asks us to modify the trial court's judgment to correct several errors. We modify the judgment in each case and affirm as modified.

Appellant waived a jury and pleaded guilty to two aggravated robbery with a deadly weapon offenses. *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011). Pursuant to plea agreements, the trial court deferred adjudicating guilt and placed appellant on community supervision for ten years. The State later moved to adjudicate guilt, alleging appellant violated

the conditions of his community supervision. In a hearing on the motion, appellant pleaded not true to one allegation and true to the remaining seventeen allegations. The trial court found all of the allegations true, adjudicated appellant guilty, and assessed punishment at fifty years' imprisonment in each case.

Appellant argues the judgment in each case should be modified to show (1) he pleaded not true to one allegation, (2) the correct name of his attorney at the hearing on the motion to adjudicate, and (3) there was no plea bargain agreement. The State agrees the judgments should be modified in the manner appellant has requested.

The record shows appellant pleaded not true to allegation (a) in the motions to adjudicate and pleaded true to allegations (b) through (u); appellant was represented by Sindhu Alexander at the hearing on the motion to adjudicate; and there was no plea agreement in either case. The judgments, however, incorrectly recite appellant pleaded true to the motions to adjudicate, was represented by Cariann Abramson, and had plea bargain agreements. We sustain appellant's six issues.

We have the power to modify the trial court's judgments when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b) *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). Accordingly, we modify the trial court's judgment in each case to reflect the following: (1) the attorney for appellant is Sindhu Alexander; (2) the plea to the motion to adjudicate is not true to allegation (a) and true to allegations (b) through (u); and (3) the terms of plea bargain are "open."

As modified, we affirm the trial court's judgments.


           <u>/ Lana Myers/</u>
           LANA MYERS
           JUSTICE

Do Not Publish
TEX. R. APP. P. 47
130909F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM NELLIUS HUBBARD, Appellant

No. 05-13-00909-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court No. 7 of Dallas County, Texas (Tr.Ct.No. F05-26988-Y).

Opinion delivered by Justice Myers, Justices Lang-Miers and Lewis participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

The section entitled "Attorney for Defendant" is modified to show "Sindhu Alexander."

The section entitled "Plea to Motion to Adjudicate" is modified to show "Not True-Allegation(a) and True-Allegations (b) through (u)."

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered March 26, 2014.

/ Lana Myers/
LANA MYERS
JUSTICE

-4-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

WILLIAM NELLIUS HUBBARD,
Appellant

No. 05-13-00910-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 7 of Dallas County, Texas (Tr.Ct.No.
F05-26990-Y).

Opinion delivered by Justice Myers,
Justices Lang-Miers and Lewis
participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

The section entitled "Attorney for Defendant" is modified to show "Sindhu Alexander."

The section entitled "Plea to Motion to Adjudicate" is modified to show "Not True-Allegation(a) and True-Allegations (b) through (u)."

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered March 26, 2014.

/ LanaMyers/
LANA MYERS
JUSTICE