**Affirmed and Affirmed as Modified and Opinion Filed March 3, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-13-01407-CR
No. 05-13-01408-CR

**ROBERT JOSEPH MANGIAFICO, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 380-80747-2011 and 380-80749-2011**

## MEMORANDUM OPINION

Before Justices Francis, Lang-Miers, and Whitehill
Opinion by Justice Francis

Robert Joseph Mangiafico, Jr. entered open pleas of guilty to the first-degree felony offenses of theft and money laundering, each involving an aggregate value of $200,000 or more, in connection with a securities fraud scheme aimed primarily at elderly widows. The trial court accepted his pleas and, after hearing the evidence, assessed punishment at concurrent forty-year prison terms.

In two issues, appellant contends the trial court erred by (1) admonishing him that he waived his Fifth Amendment right not to testify when he pleaded guilty to the court and (2) imposing a disproportionate sentence. In a third issue, he contends he received ineffective assistance of counsel. For reasons discussed below, we conclude the issues are without merit.

On our own motion, we modify the trial court's judgment in 05-13-01407-CR to reflect a plea of guilty and affirm the judgment as modified. We affirm the judgment in 05-13-01408-CR.

Before appellant entered his pleas of guilty, the trial court asked him if he understood he had the right not to testify in these cases and would be giving up that right if he "went forward." Appellant said he understood. At that point, the trial court swore in appellant, and appellant said he intended to plead guilty to the offenses. Thereafter, the trial court engaged in the standard colloquy designed to protect appellant from entering an involuntary plea. As part of this exchange, appellant said he understood he was subject to a penalty range of five to ninety-nine years or life in prison and up to a $10,000 fine and that the trial court would assess punishment. Appellant then pleaded guilty to both offenses, and the trial court, before accepting the pleas, asked further questions to ensure the pleas were knowing and voluntary. Appellant's plea papers, containing the admonishments, waivers, and judicial confession, were admitted as evidence. The documents were signed by appellant, his counsel, the prosecuting attorney, and the trial judge. In the documents, appellant waived his right to remain silent at "guilt and punishment" and agreed to testify.

Over the next two days, several witnesses testified for the State. The evidence showed that appellant and others sold fake annuities to clients who were mostly elderly widows. Some of these clients testified at trial about their dealings with appellant. Other evidence showed that appellant had a lengthy criminal history that included prior felony convictions for writing hot checks and theft from an elderly person.

After the State rested, defense counsel announced that under the terms of the open plea, appellant had agreed to testify. A lengthy discussion followed regarding the parameters of appellant's testimony and whether the State would be allowed to question appellant about "anything" pending or unadjudicated. The trial judge explicitly stated he was "not of a mind to

compel [appellant] to testify if he does not wish to testify, however, if he does choose to testify, I am not going to allow the State to get into any matters that weren't previously provided to [appellant] as notice." After more discussion, the trial judge again said "[i]f he wants to testify, he can testify, and I will order the State not to go into those other matters [other crimes or bad acts, whether adjudicated or not] so he doesn't have to take the Fifth." The judge also specifically told appellant that if he decided to testify and was unsure whether an answer "might incriminate" him, he had the right to consult with his lawyer before answering the question. Appellant testified the next day. At no point did he consult or ask to consult with his attorney before answering a question.

In his first issue, appellant contends the trial court erred by admonishing him that he "lost" his Fifth Amendment right not to testify when he pleaded guilty to the court. He argues his right to remain silent remained in place during the punishment phase even though he entered a guilty plea. Relying on *Carroll v. State*, 42 S.W.3d 129, 132–33 (Tex. Crim. App. 2001), he argues the trial court's admonishment put "into question" whether he knowingly, voluntarily, and intelligently waived his Fifth Amendment rights and rendered his plea involuntary.

In *Carroll*, the defendant entered an open plea of guilty and a sentencing hearing was held almost three months later. At that hearing, the trial court told the defendant if she invoked her right against self-incrimination, the trial court would consider that as a circumstance against her when determining punishment. *Id*. at 131. The court of criminal appeals held the right to avoid self-incrimination continued at sentencing and a waiver of that right at the guilt-innocence phase was insufficient to waive the right at punishment, even when those phases are combined following a guilty plea. *Id*. at 133. The court then concluded the defendant did not knowingly, voluntarily, and intelligently waive her federal constitutional right against self-incrimination at

–3–

*sentencing* even though she had executed and filed a written waiver. *Id*. at 133. The waiver did not specifically mention punishment. *Id*. at 132–33.

We agree with the general proposition that a defendant does not waive his right to remain silent at sentencing merely by pleading guilty. *Carroll*, 42 S.W.3d at 132–33. But, unlike *Carroll*, appellant's waiver did include punishment. Specifically, in his written plea papers, appellant waived "the right to remain silent as to guilt and punishment," and "agree[d] to testify." Further, the documents show appellant acknowledged he had read his waiver of rights, had them explained to him by his attorney, and understood them. His attorney also acknowledged he had explained to appellant the legal effects of waiving his rights as well as the legal consequences of his guilty pleas and was satisfied appellant's pleas, waivers, statements, and stipulations were "knowingly, freely, and voluntarily made." Finally, the record shows the trial judge engaged in a lengthy exchange with appellant before he entered his pleas as well as a lengthy discussion before appellant testified. It is clear from this latter discussion that the trial court did not compel appellant to testify nor did he tell him his silence would be held against him. To the contrary, the trial judge left the decision to testify to appellant. We overrule the first issue.

In his second issue, appellant complains his punishment violates the Eighth Amendment to the United States Constitution because it is "grossly disproportionate" to his crimes. He argues there was a group of individuals involved in this scheme and the evidence failed to show his "degree of culpability."

Even constitutional rights, including the right to be free from cruel and unusual punishment, may be waived. *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996). Appellant did not complain about the disproportionality of his sentences either at the time they were imposed or in his motion for new trial. Consequently, he has forfeited his

disproportionality complaint. *See Davis v. State*, 323 S.W.3d 190, 195–96 (Tex. App.—Dallas 2008. pet. ref'd).

In his third issue, appellant asserts he was denied effective assistance of counsel because his trial counsel told him he would not receive a harsher punishment than twenty-five years if he pleaded guilty. Appellant raised the issue in a pro se motion for new trial filed after his trial counsel filed a motion for new trial raising only that the verdict was contrary to the law and evidence. He did not request a hearing on his motion, and none was held. Assuming the pro se motion was properly before the trial court, appellant has not shown he is entitled to relief.

To obtain reversal for ineffective assistance of counsel, an appellant must prove that counsel's performance was deficient and he was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Appellant relies on his assertions in his sworn motion for new trial. However, post-trial motions are not self-proving, and any allegations made in support of them by way of affidavit or otherwise must be offered into evidence at a hearing. *Rouse v. State*, 300 S.W.3d 754, 762 (Tex. Crim. App. 2009). This rule is based, in part, on permitting the nonmoving party an opportunity to respond to these allegations before a conviction is reversed on appeal. *Id*. This rule applies to motions that implicate federal constitutional issues. *Id*.

Because appellant's motion is not evidence, nothing in the record supports appellant's assertion that counsel told him he would receive no more than twenty-five years if he pleaded guilty. Moreover, trial counsel has not had an opportunity to respond to appellant's contentions. *See Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002) (explaining that trial counsel should ordinarily be afforded opportunity to explain actions before being denounced as ineffective). To the extent appellant is complaining trial counsel should have adopted his pro se motion for new trial and presented evidence in support of it, the record does not reflect counsel

was aware of the motion. Appellant has not met his burden of proving trial counsel's performance fell below an objective standard of reasonableness. We overrule the third issue.

Finally, although neither party has raised the issue, our review of the record reveals an error in the judgment in Cause No. 05-13-01407-CR. Specifically, the record shows appellant pleaded guilty to theft of property of a value of $200,000 or more, but the judgment shows a plea of not guilty. This Court has the authority to correct a judgment below to make the record "speak the truth" when we have the necessary data and information to do so. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). This authority is not dependent upon a request by a party nor does it turn on the question of whether a party has objected in the trial court. *Id*. at 529–30. Accordingly, we modify the judgment to reflect a plea of guilty to the theft offense.

We affirm the judgment as modified in No. 05-13-01407-CR. We affirm the trial court's judgment in No. 05-13-01408-CR.

Do Not Publish
TEX. R. APP. P. 47
131407F.U05

/Molly Francis/
MOLLY FRANCIS
JUSTICE

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT JOSEPH MANGIAFICO, JR.,
Appellant

No. 05-13-01407-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 380-80747-2011.
Opinion delivered by Justice Francis;
Justices Lang-Miers and Whitehill
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

To reflect a Plea to Offense of Guilty.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered March 3, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ROBERT JOSEPH MANGIAFICO, JR.,
Appellant

No. 05-13-01408-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial District
Court, Collin County, Texas
Trial Court Cause No. 380-80749-2011.
Opinion delivered by Justice Francis;
Justices Lang-Miers and Whitehill
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered March 3, 2015.