**Affirmed as Modified; Opinion Filed July 29, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

**No. 05-14-01485-CR**
**No. 05-14-01486-CR**

---

**CHARDONDRA DEVEUN JONES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause Nos. F10-55473-L, F10-55726-L**

---

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Brown and Stoddart
Opinion by Justice Stoddart

Chardondra Deveun Jones appeals her convictions, following adjudication of her guilt, for aggravated assault with a deadly weapon and harassment of a public servant. *See* TEX. PENAL CODE ANN. §§ 22.02(a)(2), 22.11(a)(2) (West 2011). In two issues, appellant contends the judgments adjudicating guilt should be modified to show the conditions of community supervision that she was found to have violated. We modify the trial court's judgments adjudicating guilt and affirm as modified.

The State's August 12, 2014 amended motions to adjudicate alleged appellant violated five conditions of community supervision: (1) condition (a) by committing a new offense of

assault involving family violence; (2) condition (j) by failing to pay community supervision fees; (3) condition (k) by failing to pay Crime Stoppers payment; (4) condition (*l*) by failing to complete community service hours as directed; and (5) condition (n) by failing to pay urinalysis fees. At a hearing on the motions, the State abandoned the allegations of conditions (j), (k), and (n). Appellant pleaded true to violating conditions (a) and (*l*), and the trial court found those allegations true. The trial court adjudicated appellant guilty and assessed punishment at eight years' imprisonment in each case.

Appellant asks that we modify the judgments adjudicating guilt to correctly reflect the conditions of community supervision she was found to have violated. The State agrees the judgments should be modified in the manner appellant requests.

The judgments adjudicating guilt incorrectly recite that appellant pleaded true to the State's "original motion to adjudicate guilt." Accordingly, we sustain appellant's issues.

In each case, we modify the judgment adjudicating guilt to show the trial court found appellant violated conditions (a) and (*l*) as set out in the State's amended motion to adjudicate guilt. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgments adjudicating guilt.

/ Craig Stoddart/
CRAIG STODDART
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
141485F.U05

-2-



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHARDONDRA DEVEUN JONES,
Appellant

No. 05-14-01485-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 5 of Dallas County, Texas (Tr.Ct.No.
F10-55473-L).
Opinion delivered by Justice Stoddart,
Chief Justice Wright and Justice Brown
participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

The section entitled "(5)While on community supervision, Defendant violated" is modified to show "(5) While on community supervision, Defendant violated conditions (a) and (l) of community supervision as set out in the State's amended motion to adjudicate guilt."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered this 29th day of July, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CHARDONDRA DEVEUN JONES,
Appellant

No. 05-14-01486-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 5 of Dallas County, Texas (Tr.Ct.No.
F10-55726-L).
Opinion delivered by Justice Stoddart,
Chief Justice Wright and Justice Brown
participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

The section entitled "(5)While on community supervision, Defendant violated" is modified to show "(5) While on community supervision, Defendant violated conditions (a) and (l) of community supervision as set out in the State's amended motion to adjudicate guilt."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered this 29th day of July, 2015.