**Affirmed as Modified and Opinion Filed November 4, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01557-CR

**FORREST ADKINS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 7**
**Dallas County, Texas**
**Trial Court Cause No. F13-52438-Y**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Myers
Opinion by Justice Bridges

Forrest Adkins appeals his conviction, following the adjudication of his guilt, for aggravated assault with a deadly weapon. In three issues, appellant contends the trial court's judgment should be modified to correctly reflect the offense for which he was convicted, to show there was no plea agreement, and to show he pleaded true to only one of the allegations in the motion to adjudicate. The State agrees the judgment should be modified to make the requested corrections. We modify the trial court's judgment adjudicating guilt and affirm as modified.

Appellant waived a jury and pleaded guilty to aggravated assault with a deadly weapon, a letter opener. *See* TEX. PENAL CODE ANN. § 22.02(a)(2) (West 2011). Pursuant to a plea

agreement, the trial court deferred adjudicating guilt and placed appellant on three years' community supervision. The State later moved to adjudicate guilt, alleging appellant violated condition (q) by residing at a prohibited address as a condition of community supervision and condition (u) by going "AWOL" from the Salvation Army. Appellant pleaded true to violating condition (u) and not true to violating condition (q). After hearing testimony from appellant, appellant's older brother, a probation officer, and a Salvation Army counselor, the trial court found both allegations true, granted the State's motion, and adjudicated appellant guilty of aggravated assault with a deadly weapon. The trial court sentenced appellant to ten years' imprisonment.

The judgment adjudicating guilt states the offense for which appellant was convicted is "aggravated assault with a deadly weapon/2nd." The indictment alleged that appellant had a previous injury to an elderly person conviction that involved family violence. However, the trial court granted the State's motion to strike the allegation of the previous family violence conviction. Therefore, the judgment incorrectly reflects that appellant's conviction in this case involves a second family violence conviction. We sustain appellant's first issue. We modify the judgment adjudicating guilt to delete the "/2nd" and to show the offense for which appellant was convicted is aggravated assault with a deadly weapon. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

The judgment adjudicating guilt also incorrectly reflects there was a plea bargain agreement, when, in fact, appellant entered an open plea of true to one of the allegations in the motion to adjudicate and not true to the other allegation. Accordingly, we sustain appellant's second and third issues. We modify the section of the judgment adjudicating guilt entitled

"terms of plea bargain" to state "open," and the section entitled "plea to motion to adjudicate" is modified to state "True Condition (u), Not True Condition (q)." *Id.*

As modified, we affirm the trial court's judgment adjudicating guilt.

Do Not Publish
TEX. R. APP. P. 47
141557F.U05

/David L. Bridges/
DAVID L. BRIDGES
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

FORREST ADKINS, Appellant

No. 05-14-01557-CR     V.

THE STATE OF TEXAS, Appellee

Appeal from the Criminal District Court
No. 7 of Dallas County, Texas (Tr.Ct.No.
F13-52438-Y).
Opinion delivered by Justice Bridges,
Justices Francis and Myers participating.

Based on the Court's opinion of this date, the trial court's judgment adjudicating guilt is **MODIFIED** as follows:

The section entitled "Offense for which Defendant Convicted" is modified to show "Aggravated Assault with a Deadly Weapon."

The section entitled "Plea to Motion to Adjudicate" is modified to show "True Condition (u), Not True Condition (q)."

The section entitled "Terms of Plea Bargain" is modified to show "Open."

As modified, we **AFFIRM** the trial court's judgment adjudicating guilt.

Judgment entered November 4, 2015.