**AFFIRMED AS MODIFIED and Opinion Filed November 14, 2018**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00361-CR

**STANYELLE M. MILES-MCCLOUD, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 187th District Court**
**Bexar County, Texas**
**Trial Court Cause No. 2017CR6735A**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Lang-Miers
Opinion by Justice Francis

A jury convicted Stanyelle M. Miles-McCloud of the felony offense of attack by dog after her pit bull mauled her 72-year-old neighbor. The jury assessed punishment at ten years in prison and a $10,000 fine and recommended the sentence be suspended. The trial court placed appellant on probation for ten years. In addition, appellant was ordered to pay $239,025.75 in restitution. In a single issue, appellant contends the evidence was legally insufficient to support her conviction. We affirm.

In October 2016, appellant and her husband, Alphonso, moved into the house next door to Doris Mixon Smith. The McClouds had three dogs, including a pit bull. Because the pit bull had gotten loose on previous occasions, appellant's husband put a lock on the outside of the gate to prevent the dog from releasing the latch and escaping.

Smith enjoyed yard work and mowed her lawn twice a week. Smith said when she mowed her backyard, the McClouds' dogs would run along the fence line and bark. She described them as "angry dogs." On March 6, 2017, Smith said she was mowing her backyard when the pit bull pushed open the gate. Smith noticed the exterior lock was missing. Smith immediately pushed her lawn mower against the fence to shut the gate for her safety; she said she did not do it to antagonize the dog. Once the gate was closed, she put the lawn mower in her garage and went next door to notify the McClouds. Neither appellant nor her husband was home, but a person she believed to be appellant's adult niece came to the door. Smith told her she needed to either put the dog inside or put the lock on the gate, but the niece responded she was scared of the dog.

About three hours later, Smith went outside in her front yard to do some gardening. She was bending over a planting pot when she saw appellant's pit bull coming at her with its mouth open. Smith backed up and began yelling for help as the dog's mouth clamped down on her arm. Smith fought the dog and tried to get to the front door of her house but was unable to get inside. Appellant's ten-year-old son came outside and began hitting the dog with a PVC pipe, but the dog continued its attack. A recording of a portion of the attack, made by Smith's security system, was admitted into evidence.

Two calls were made to 911. When San Antonio Police Officer Matthew Vizcarrondo arrived five minutes later, Smith was lying on the ground with a "massive pit bull" hovering over her and chewing on her arm. Three men were watching but were too afraid to intervene. Vizcarrondo shot the dog three times to stop the attack. EMS arrived at the same time and immediately transported Smith to the hospital with life-threatening injuries. As a result of the attack, Smith lost her left arm and sustained severe injuries to her face.

Smith was hospitalized for sixteen days, including seven days in a rehabilitation facility. A few weeks after she returned home, she noticed the McClouds had two new dogs, a Rhodesian

Ridgeback and another pit bull. Animal control services removed both dogs. Other evidence showed the pit bull that attacked Smith previously bit two other people, the McCloud's niece and a cable man.

The McClouds were tried together before a jury, which convicted them both of the felony offense of attack by dog. This appeal involves only Stanyelle Miles-McCloud. In her sole issue, she contends the evidence is legally insufficient to support her conviction.

In reviewing the sufficiency of the evidence, we examine the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). This standard accounts for the factfinder's duty to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic to ultimate facts. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

As alleged in this case, a person commits an offense if she is the owner of a dog and, with criminal negligence, fails to secure the dog and the dog makes an unprovoked attack on another person that occurs at a location other than the owner's real property and the attack causes serious bodily injury or death. *See* TEX. HEALTH & SAFETY CODE ANN. § 822.005(a)(1) (West 2017).

Appellant challenges only whether the State proved the attack was unprovoked. She suggests the dog was provoked by Smith running a lawn mower next to the dog's "confined area" over a period of five months and then, on the day of the attack, "jamming" the lawn mower, while it was still running, against the gate while she informed the neighbor the gate was not locked. She argues that it was not reasonable for the jury to "speculate this event did not provoke the dog."

Contrary to appellant's assertion, there was no evidence presented that Smith left the lawn mower running against the fence while she went to report the gate was unlocked. Appellant directs us to Smith's deposition in a civil lawsuit as proof, but the deposition was not offered into

evidence.[1]  The only evidence at trial came from Smith, who said she put the lawn mower in the garage before she went next door.  She explained the lawn mower was self-propelled, meaning it stopped as soon as she released the handle.  And even if there had been evidence that Smith left the lawn mower running against the gate, that event occurred at least three hours before the dog attacked her.

Smith testified she did nothing that day to provoke the dog, saying she had "sense enough not to do anything to a dog that's going to result" in her being harmed.   She was outside in her own yard gardening when the dog escaped from the house or backyard and attacked her while she was bent over a planting pot.  In addition to her testimony, there was other evidence the dog previously showed aggressive tendencies, having bitten two people in the months before this occurred.

We conclude the jury could determine from this evidence beyond a reasonable doubt that Smith did not provoke the pit bull before it attacked her.  We overrule the sole issue.

Although neither party has raised the issue, our review of the record reveals an error in the judgment.  Specifically, the judgment states appellant was convicted of "DANGEROUS DOG ATTACK-SBI" under section 822.044 of the Texas Health and Safety Code.  Section 822.044 involves a misdemeanor dog attack.  The indictment in this case alleged a felony dog attack under section 822.005, the jury charge tracked the elements of section 822.005, and the jury convicted appellant of that offense.  *See* TEX. HEALTH & SAFETY CODE ANN. § 822.005 (West 2017) (attack by dog).

We have authority to correct a judgment below to make the record "speak the truth" when we have the necessary data and information to do so.  *Asberry v. State*, 813 S.W.2d 526, 529 (Tex.

---

[1]The deposition was marked as State's Exhibit 54 during Smith's testimony, but it was never offered or admitted as evidence.  Although the court reporter included it in the record on appeal, we do not consider it as part of the sufficiency analysis.  And even if we did, it does not support appellant's assertion.  Smith testified at her deposition that she did not leave the mower running against the fence.

App.—Dallas 1991, pet. ref'd). Accordingly, we modify the judgment to reflect appellant was convicted of attack by dog under section 822.005 of the health and safety code.

We affirm the trial court's judgment as modified.

/Molly Francis/
MOLLY FRANCIS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
180361F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

STANYELLE M. MILES-MCCLOUD,
Appellant

No. 05-18-00361-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 187th District Court,
Bexar County, Texas
Trial Court Cause No. 2017CR6735A.
Opinion delivered by Justice Francis;
Justices Bridges and Lang-Miers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

To reflect the "Offense for Which Defendant Convicted" as Attack by Dog and the "Statute for Offense" as 822.005 Texas Health and Safety Code.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered November 14, 2018.