**Affirmed as Modified; Opinion Filed July 18, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-18-01117-CR

**MICHAEL LUCAS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F17-31711-H**

# MEMORANDUM OPINION

Before Justices Myers, Molberg, and Carlyle
Opinion by Justice Myers

Appellant Michael Lucas appeals from an adjudication of guilt and the revocation of his deferred adjudication community supervision for the offense of engaging in organized criminal activity. In one issue, appellant contends the judgment adjudicating guilt should be reformed in various ways to accurately reflect what occurred in the trial court. As modified, we affirm the trial court's judgment.

### BACKGROUND AND PROCEDURAL HISTORY

On January 31, 2018, appellant pleaded guilty to an indictment for the state-jail felony offense of engaging in organized criminal activity. *See* TEX. PENAL CODE ANN. § 71.02. Pursuant to a negotiated plea agreement, the trial court accepted appellant's plea and placed him on deferred adjudication community supervision for a period of five years. The trial court assessed a $100 fine and ordered $1000 in restitution as conditions of appellant's community supervision. The trial

court later modified the conditions of community supervision to reduce the amount of restitution to $150. On May 3, 2018, the State filed a motion to revoke probation or proceed with an adjudication of guilt that alleged three violations of appellant's community supervision. The State later filed an amended motion to revoke probation or proceed with an adjudication of guilt on July 16, 2018. The amended motion alleged that appellant violated the following conditions of his community supervision:

(a) MICHAEL LUCAS did violate condition (a) by violating the laws of the State of Texas in that on or about 05/02/2018 in Dallas County, Texas, s(he) did commit the offense of EVADING ARREST DET W/VEH.

(a) MICHAEL LUCAS did violate condition (a) by violating the laws of the State of Texas in that on or about 05/02/2018 in Dallas County, Texas, s(he) did commit the offense of UNAUTH USE OF VEHICLE.

(b) MICHAEL LUCAS did violate condition (b) in that a urinalysis collected on or about 02/16/2018 tested positive for Marijuana.

(c) MICHAEL LUCAS did violate condition (c) in that s(he) failed to avoid persons and places of disreputable or harmful character by associating with individuals who commit offenses against the laws of this state or the United States.

(d) MICHAEL LUCAS did violate condition (d) in that s(he) did not report to the community supervision office as directed for the months of: April 2018.

(f) MICHAEL LUCAS did violate condition (f) if that s(he) failed to work faithfully at suitable employment as ordered by the Court.

(h) MICHAEL LUCAS did violate condition (h) in that s(he) did not pay Court Costs and Fines as ordered by the court and is currently delinquent: $249.00 Court Costs and $100.00 Fines.

(j) MICHAEL LUCAS did violate condition (j) in that s(he) did not pay community supervision fees as directed and is currently delinquent $180.00.

(k) MICHAEL LUCAS did violate condition (k) in that s(he) did not pay the Crime Stoppers payment as ordered by the court and is currently delinquent $50.00.

(n) MICHAEL LUCAS did violate condition (n) in that s(he) did not pay the Urinalysis fee as ordered by the court and is currently delinquent $30.00.

(p) MICHAEL LUCAS did violate condition (p) in that s(he) possessed, consumed or purchased alcoholic beverages, or illegal controlled substances during the term of Supervision. Defendant tested positive for Marijuana.

(q) MICHAEL LUCAS did violate condition (q) in that s(he) failed to participate in a Safe Neighborhood Training session at: Frank Crowley Building, 133 N. RIVERFRONT BLVD., Dallas, TX.

(t) MICHAEL LUCAS did violate condition (t) in that s(he) did not pay restitution as directed and is currently delinquent $30.00.

The trial court held a hearing on the State's motion on August 17, 2018. At that hearing, appellant entered a plea of true to allegations (b) and (c), but pleaded not true to the remaining allegations in the State's amended motion. The State presented evidence to establish the alleged

–2–

violations of appellant's community supervision. After hearing the evidence and arguments by counsel, the trial court found the State had proven by a preponderance of the evidence both allegations (a) and allegations (b), (c), (d), (f), (h), (j), (n), (p), and (t). The trial court found allegations (k) and (q) were not true. The trial court granted the State's motion and found appellant guilty of engaging in organized criminal activity. The court sentenced appellant to two years' confinement in the State jail, with credit for back time. Appellant filed a motion for new trial that was overruled by operation of law, and this appeal followed.

## DISCUSSION

In his sole issue, appellant asks us to modify the judgment to accurately reflect the following: His pleas to the allegations; there was no plea bargain agreement; the trial court's findings on the allegations; the original period of community supervision and the assessment of a $100 fine at that time; and that the trial court proceeded on the State's amended motion to adjudicate guilt. The State agrees with all of these requested modifications to the judgment. The State also requests modification of the judgment to accurately reflect the name of the prosecutor who represented the State at the adjudication proceeding.

Where the record contains the necessary information to do so, the court on appeal has the authority to modify incorrect judgments. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993). An appellate court has the power to correct and reform a trial court's judgment to make the record speak the truth when it has the necessary data and information to do so or make any appropriate order as the law and nature of the case may require. *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd); *see also Mitchell v. State*, No. 05-16-01170-CR, 2017 WL 4930893, at *3 (Tex. App.—Dallas Oct. 31, 2017, no pet.) (mem. op., not designated for publication) (modifying judgment to show appellant violated the terms and conditions of community supervision as set out in State's amended motion to adjudicate guilt);

–3–

*Hernandez v. State*, No. 05-10-00588-CR, 2011 WL 693262, at *2 (Tex. App.—Dallas Mar. 1, 2011, no pet.) (mem. op., not designated for publication) (same).

Beginning with the first page of the judgment, it states that appellant pleaded "TRUE" to the motion to adjudicate. At the August 17, 2018 adjudication hearing, however, appellant pleaded true to allegations (b) and (c) in the State's amended motion. He pleaded not true to the remaining alleged violations. Accordingly, the judgment will be modified to accurately reflect appellant's plea of true to allegations (b) and (c) and his plea of not true to allegations (a), (a), (d), (f), (h), (j), (k), (n), (p), (q), and (t).

Furthermore, the section entitled "Terms of Plea Bargain" states "2 YEARS STATE JAIL: NO FINE." However, the record reflects that the parties did not reach a plea bargain agreement. The trial court held a contested hearing on the State's amended motion to proceed with an adjudication of guilt and heard evidence from witnesses. Accordingly, the judgment will be modified to state "NO PLEA BARGAIN" in the "Terms of Plea Bargain" section of the judgment.

Additionally, the judgment does not include the correct name of the attorney who represented the State at the August 17, 2018 adjudication hearing. The record reflects that the prosecutor who represented the State at that hearing was Thelma Anderson. The judgment, however, lists "Jessica Trevizo" as the "Attorney for State." Therefore, we will modify the judgment to state "Thelma Anderson" in the section entitled "Attorney for State."

Turning to the second page of the judgment, appellant originally entered into a plea agreement with the State in which he agreed to plead guilty to engaging in organized criminal activity in return for five years' deferred adjudication community supervision. In accordance with the plea agreement, the trial court accepted appellant's plea of guilty and placed him on deferred adjudication community supervision for a period of five years, and the trial court assessed a $100 fine and ordered $1000 in restitution as conditions of appellant's community supervision. Thus,

the first paragraph of page two of the judgment should be modified to state that the trial court issued an order placing appellant on community supervision for a period of five (5) years and that the trial court assessed a $100 fine.

Also, the record shows that the trial court and parties proceeded to a hearing on the State's amended motion to adjudicate guilt, but the first paragraph on page two of the judgment incorrectly states that appellant violated the terms and conditions of community supervision as set out in the State's *original* motion to adjudicate guilt. Hence, the judgment should be modified to reflect that appellant violated the terms and conditions of his community supervision as set out in the State's amended motion to adjudicate. Lastly, the judgment should be modified to reflect that the trial court found appellant violated allegations (a), (a), (b), (c), (d), (f), (h), (j), (n), (p), and (t), but the trial court found allegations (k) and (q) not true.

To summarize our modifications of the judgment:

The portion of the judgment on page one entitled "Plea to Motion to Adjudicate" is modified to show "True—allegations (b) and (c); Not True—allegations (a), (a), (d), (f), (h), (j), (k), (n), (p), (q), and (t)."

The portion of the judgment on page one entitled "Terms of Plea Bargain" is modified to show "NO PLEA BARGAIN."

The portion of the judgment on page one entitled "Attorney for State" is modified to show "Thelma Anderson."

The portion of the judgment in the first paragraph on page two entitled "(3) The Court issued an order placing Defendant on community supervision for a period of ___YEARS; (4) The Court assessed a fine of $ ___," is modified to show "The Court issued an order placing Defendant on community supervision for a period of five (5) YEARS; (4) The Court assessed a fine of $100."

The portion of the judgment entitled "(5) While on community supervision, Defendant

–5–

violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as follows," is modified to show "(5) While on community supervision, Defendant violated the terms and conditions of community supervision (a), (a), (b), (c), (d), (f), (h), (j), (n), (p), and (t) as set out in the State's AMENDED Motion to Adjudicate Guilt."

As modified, we affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

Do Not Publish
TEX. R. APP. 47.2(b)
181117F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

MICHAEL LUCAS, Appellant

No. 05-18-01117-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court No. 1, Dallas County, Texas
Trial Court Cause No. F17-31711-H.
Opinion delivered by Justice Myers.
Justices Molberg and Carlyle participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

The portion of the judgment on page one entitled "Plea to Motion to Adjudicate" is modified to show "True—allegations (b) and (c); Not True—allegations (a), (a), (d), (f), (h), (j), (k), (n), (p), (q), and (t)."

The portion of the judgment on page one entitled "Terms of Plea Bargain" is modified to show "NO PLEA BARGAIN."

The portion of the judgment on page one entitled "Attorney for State" is modified to show "Thelma Anderson."

The portion of the judgment in the first paragraph on page two entitled "(3) The Court issued an order placing Defendant on community supervision for a period of ___YEARS; (4) The Court assessed a fine of $___," is modified to show "(3) The Court issued an order placing Defendant on community supervision for a period of five (5) YEARS; (4) The Court assessed a fine of $ 100."

The portion of the judgment entitled "(5) While on community supervision, Defendant violated the terms and conditions of community supervision as set out in the State's ORIGINAL Motion to Adjudicate Guilt as follows," is modified to show "(5) While on community supervision, Defendant violated the terms and conditions of community supervision (a), (a), (b), (c), (d), (f), (h), (j), (n), (p), and (t) as set out in the State's AMENDED Motion to Adjudicate Guilt."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered this 18th day of July, 2019.