**AFFIRMED; Opinion Filed March 31, 2020**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01500-CR

**LATORIA MATTOX, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-1500710-U**

## MEMORANDUM OPINION

Before Justices Bridges, Molberg, and Carlyle
Opinion by Justice Carlyle

A jury convicted appellant Latoria Mattox of tampering with a government record. The trial court assessed punishment at two years' confinement, probated for five years.

In two issues on appeal, Ms. Mattox contends the evidence is insufficient to support her conviction and the trial court's judgment "erroneously" states the statute under which she was convicted. We affirm the trial court's judgment in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

**Background**

The indictment in this case alleged Ms. Mattox "did unlawfully, . . . with intent to defraud and harm another, make, present and use a governmental record, document and thing, namely: H1010, a form used . . . to determine eligibility for food stamps," and "made, presented, and used said governmental record with knowledge of its falsity."

At trial, Tracy Hays testified she is a regional director for Texas Health and Human Services (THHS), a government agency that, among other things, administers "food stamps" through the federal Supplemental Nutrition Assistance Program (SNAP). Ms. Hays stated clients apply for food stamps by submitting a completed "H1010" application form, which is "a government record."

According to Ms. Hays, upon receiving a completed H1010 form, the clerk for the THHS office servicing the applicant's zip code schedules an interview appointment for the applicant. The case is then randomly assigned to a caseworker, who conducts an interview with the applicant in person or by phone. If the caseworker determines the applicant meets eligibility requirements regarding income and resources, the caseworker certifies the application. Then, the caseworker "enter[s] all the information" into the computer system and "run[s] a test for eligibility to determine if they were eligible." This generates a "notice of case action" letter to the applicant. If the test shows the applicant is eligible, the computer system also generates an "1172 form." The caseworker submits the 1172 form to an "EBT

clerk," who verifies certain information on the form and issues an "electronic benefit transfer" card to the person designated as "head of household" on the H1010 application form. The EBT card is a debit card that can be used to purchase food. Though the H1010 form provides applicants the option to designate an "authorized representative" to "act for" them and sign the application on their behalf, the "head of household" must complete the form.

In March 2015, Ms. Mattox was a caseworker in the THHS Dallas office on Gaston Avenue. Ms. Hays testified THHS records showed that on Friday, March 13, 2015, the Gaston Avenue office received an H1010 application form that described the "contact person and head of household" as "Jazmine Long" and purportedly bore Ms. Long's signature. The application (1) listed R.J.[1] as Ms. Long's daughter; (2) designated Betty J. Jones as Ms. Long's "authorized representative"; and (3) showed the same address for Ms. Long and Ms. Jones. That case was processed by Ms. Mattox and resulted in an EBT card being mailed to Ms. Long at her address stated on the application.

Stephanie Reason, a THHS program manager in the Gaston Avenue office, testified that on Monday, March 16, 2015, an employee informed her of "a suspicious 1172." Specifically, on March 13, while Ms. Reason and several other employees were out of the office attending a meeting, an 1172 form had been

---

[1] Because the person listed on the application as Ms. Long's daughter is a minor, we use initials when referring to her in this opinion.

generated authorizing an EBT card for Ms. Long, but no interview had been scheduled regarding that application. After investigating, Ms. Reason discovered Ms. Jones was the mother of both R.J. and Ms. Long. Ms. Reason stated that if the true relationship had been known, Ms. Long would not have qualified for SNAP benefits and Ms. Jones's income would have been considered in the eligibility test.

Steve Hamilton testified he is an investigator for the THHS Office of Inspector General and was assigned to investigate Ms. Long's application. He tracked the activity on the EBT card issued to Ms. Long and discovered it was being used by Ms. Jones at multiple stores, including a Sam's Club where Ms. Jones used a membership belonging to Ms. Mattox's husband.

In June 2015, Mr. Hamilton interviewed Ms. Jones at her apartment. Mr. Hamilton testified that during the interview, Ms. Jones (1) acknowledged knowing Ms. Mattox; (2) stated Ms. Mattox had "counseled her" to put "herself down as the authorized representative" and "her daughter [R.J.] on the application as Jazmine Long's daughter" in order to "increase her benefits"; (3) told him Ms. Mattox "was going to be handling [the application] for me"; and (4) admitted she "forged" her daughter's signature on the application.

The next day, Mr. Hamilton interviewed Ms. Mattox at her workplace. She acknowledged Ms. Jones was her neighbor but denied knowing the application was fraudulent.

–4–

**Standard of review and applicable law**

In a sufficiency review, we consider the evidence in the light most favorable to the verdict and determine whether a rational factfinder could have found the offense's essential elements beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Ramsey v. State*, 473 S.W.3d 805, 808 (Tex. Crim. App. 2015). The factfinder is the exclusive judge of the credibility and weight of the evidence and is permitted to draw any reasonable inference from the evidence that is supported by the record. *Ramsey*, 473 S.W.3d at 808; *see also* TEX. CODE CRIM. PROC. art. 36.13. If the record supports conflicting inferences, we presume the factfinder resolved the conflicts in favor of the conviction and defer to that determination. *Jackson*, 443 U.S. at 326. Circumstantial evidence is as probative as direct evidence and "alone can be sufficient to establish guilt." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

A person who "makes, presents, or uses a governmental record with knowledge of its falsity" commits the offense of tampering with a governmental record. TEX. PENAL CODE § 37.10(a)(5). The offense "is a Class A misdemeanor unless the actor's intent is to defraud or harm another, in which event the offense is a state jail felony." *Id*. § 37.10(c)(1). A person acts knowingly, or with knowledge, with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. *Id*. § 6.03(b).

**The evidence is sufficient to support Ms. Mattox's conviction**

In her first issue, Ms. Mattox challenges the sufficiency of the evidence to support her conviction. She asserts "the State failed to prove beyond a reasonable doubt that [she] presented the Long application with knowledge of its falsity." She argues she "was presented with a document" and "merely entered the information provided to her into the [computer] system."

Mr. Hamilton testified that during his interview with Ms. Jones, she stated Ms. Mattox (1) had "counseled her" to put "herself down as the authorized representative" and "her daughter [R.J.] on the application as Jazmine Long's daughter" in order to "increase her benefits" and (2) "was going to be handling [the application] for me." The jury, as the exclusive judge of the credibility and weight of the evidence, was free to believe that testimony, which demonstrated Ms. Mattox's knowledge of the application's falsity. Thus, we conclude the evidence is sufficient to support Ms. Mattox's conviction. *See Jackson*, 443 U.S. at 326; *Ramsey*, 473 S.W.3d at 808; *Hooper*, 214 S.W.3d at 13.

**The judgment's "Statute for Offense" is not "erroneously stated"**

In her second issue, Ms. Mattox asserts "[t]he statute for which [she] was convicted is erroneously stated in the Judgment." She contends that although "[t]he indictment charged Appellant with Tampering with a Government Record in violation of TEX. PENAL CODE § 37.10" and the trial court's judgment describes the "Statute for Offense" as "37.10 Penal Code," that section "contains at least six

paragraphs." She asks this court to "correct the Judgment to reflect the correct statute and reflect a charge by indictment under TEX. PENAL CODE § 37.10(a)(5)." *See Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) ("Courts of appeals have the power to reform incorrect judgments.").

The indictment described the pertinent statute as "PC 37.10(c)(1)" and described an offense under sections 37.10(a)(5) and 37.10(c)(1). The jury convicted Ms. Mattox of the charged offense. We cannot agree with Ms. Mattox that the judgment should be modified to state "§ 37.10(a)(5)" is the statute for the offense, as that would describe a misdemeanor and not the state jail felony of which she was convicted. *See* PENAL § 37.10(c)(1). The portion of the trial court's judgment stating that the statute for the offense is "37.10 Penal Code" is not "erroneous" and we decline to modify it.

We decide Ms. Mattox's two issues against her and affirm the trial court's judgment.

/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
181500F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LATORIA MATTOX, Appellant

No. 05-18-01500-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District Court, Dallas County, Texas
Trial Court Cause No. F-1500710-U.
Opinion delivered by Justice Carlyle.
Justices Bridges and Molberg participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.


Judgment entered this 31st day of March, 2020.