**AFFRIMED as MODIFIED and Opinion Filed November 3, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00934-CR

**JORDAN DON CHAPLIN, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F17-21511-Q**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Reichek
Opinion by Justice Reichek

After Jordan Don Chaplin violated conditions of his deferred adjudication community supervision, the trial court adjudicated him guilty of sexual assault of a child and sentenced him to twelve years in prison. On appeal, appellant brings a single issue seeking to correct errors in the judgment. The State brings a cross-issue, seeking to correct additional errors in the judgment. We sustain issues of both appellant and the State, modify the trial court's judgment to correct the errors, and affirm the judgment as modified.

Appellant was indicted on a charge of aggravated sexual assault of a child. The State reduced the charge to sexual assault of a child, and appellant pleaded guilty

to the lesser charge. Pursuant to a plea bargain, the trial court deferred a finding of guilt and placed appellant on deferred adjudication community supervision for seven years. The State subsequently filed a motion to adjudicate appellant's guilt, alleging numerous violations of his community supervision conditions. Following a hearing, the trial court found that appellant had violated three conditions, adjudicated appellant's guilt, and sentenced him to twelve years in prison.

In a single issue, appellant asks that we correct the judgment to reflect that he pleaded "not true" to the allegations in the State's motion and that the court found he violated only conditions AA, Q, and Y. In a cross-issue, the State requests that we also correct the judgment to reflect (1) there was no plea bargain, (2) appellant is required to register as a sex offender, and (3) the victim was eleven years old at the time of the offense.

We have reviewed the judgment and record in this case and agree with both appellant and the State that the judgment contains numerous inaccuracies. Specifically, contrary to the record and the law, the judgment reflects (1) appellant pleaded true to the motion to adjudicate; (2) appellant violated conditions "AA, H, II, J, K, L, N, P, Q, Q, V, X, Y" as set out in the State's original motion to adjudicate guilt; (3) the terms of a plea bargain were "12 YEARS TDCJ;" and (4) "N/A" as to the age of the victim. The judgment also fails to reflect that appellant is required to register as a sex offender in accordance with chapter 62 of the Texas Code of

Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(A) (defining "[r]eportable conviction or adjudication" to include violation of section 22.011 (sexual assault) of penal code).

We have the power to modify an incorrect judgment to make the record speak *See* TEX. R. APP. P. 43.2(the truth when we have the necessary information to do so. b); *Bigley v. State*, 865 S.W.3d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd). We sustain parties' issues and modify the judgment to correct these errors.

We affirm the trial court's judgment as modified.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
200934F.U05

3



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

JORDAN DON CHAPLIN,
Appellant

No. 05-20-00934-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 204th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F17-21511-Q.
Opinion delivered by Justice
Reichek; Justices Osborne and
Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

(1) To delete "TRUE" and replace with "NOT TRUE under "Plea to Motion to Adjudicate;"

(2)  To delete "12 YEARS TDCJ" and replace with "N/A" under "Terms of Plea Bargain

(3) To reflect appellant violated conditions AA, Q, and Y as set out in the State's Original Motion to Adjudicate Guilt;

(4) To reflect the age of the victim at the time of the offense as 11 years; and

4

(5) To reflect that appellant is required to register as sex offender in accordance with Chapter 62 of the Texas Code of Criminal Procedure.

As **MODIFIED**, the judgment is **AFFIRMED**.


Judgment entered November 3, 2021