

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00055-CR
_____

ZAFRES LAMONN MCDONALD, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 51753-A

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Justice Stevens

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

Zafres Lamonn McDonald entered an open plea of guilty to evading arrest or detention with a motor vehicle. *See* TEX. PENAL CODE ANN. § 38.04. After hearing evidence on punishment, the trial court sentenced McDonald to ten years' imprisonment. McDonald appeals.

In addition to this appeal, in companion cause numbers 06-21-00052-CR, 06-21-00053-CR, and 06-21-00054-CR, McDonald appeals his convictions for another count of evading arrest or detention with a motor vehicle, unauthorized use of a motor vehicle, and credit card abuse. McDonald has filed a single brief raising a sole issue common to all his appeals. He argues that the trial court erred by failing to enforce an alleged plea agreement.

We addressed this issue in detail in our opinion of this date on McDonald's appeal in cause number 06-21-00052-CR. For the reasons stated therein, we likewise conclude that the trial court properly concluded that there was no binding plea agreement in this case. As a result, we overrule McDonald's sole point of error on appeal. Even so, we must modify the trial court's judgment to reflect the proper statute of offense.

Under Section 38.04(b)(2)(A), evading arrest with a motor vehicle is a third-degree felony. *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A). The evidence at trial established that, after the Longview Police Department had successfully stopped McDonald for a traffic violation in a parking lot, McDonald placed his truck in reverse, almost pinned a peace officer between his truck and a patrol car, jumped a curb, hit a fire hydrant and a fence, and evaded arrest on foot. The evidence at trial, McDonald's plea, and the trial court's judgment show that the offense was a third-degree felony. While the trial court's judgment lists the correct degree of offense, it lists

the statute of offense as Section 38.04(b)(1)(B) of the Texas Penal Code, which sets forth circumstances not applicable here under which the offense of evading arrest or detention is a state jail felony. *See* TEX. PENAL CODE ANN. § 38.04(b)(1)(B).

"This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)). "The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* (quoting *Asberry*, 813 S.W.2d at 529–30).

We modify the trial court's judgment to reflect that the correct statute of offense is Section 38.04(b)(2)(A) of the Texas Penal Code. As modified, we affirm the trial court's judgment.


Scott E. Stevens
Justice


Date Submitted:     January 10, 2022
Date Decided:       March 2, 2022

Do Not Publish

3