**Modified and Affirmed and Opinion Filed August 18, 2022**



In The
### Court of Appeals
### Fifth District of Texas at Dallas

No. 05-21-00321-CR

**MICHAEL FOY WALLING, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 296-83626-2017**

## MEMORANDUM OPINION
Before Justices Partida-Kipness, Pedersen, III, and Nowell
Opinion by Justice Pedersen, III

A jury found appellant Michael Foy Walling guilty of online solicitation of a minor and assessed his punishment at nine years' confinement in the institutional division of the Texas Department of Criminal Justice. In a single issue, appellant argues the costs of court imposed against him are, at least in part, unconstitutional or unlawful. In a cross-issue, the State asks us to correct certain clerical errors in the judgment. We modify the judgment to reflect the correct calculation of court costs and to reflect the correct offense, degree of offense, and statutory provision under which appellant was convicted. As modified, we affirm the trial court's judgment.

*Errors in the Bill of Costs*

The trial court's judgment states that appellant's court costs total $378.41. That figure is based upon the District Clerk's April 30, 2021 Bill of Costs (the Original Bill), which assessed costs and fees under three headings: Court Costs ($155.00), Reimbursement Fees ($38.41), and (3) State Fees ($185.00). Appellant challenges assessments in the first and third categories. He also challenges the propriety of the imposition of a Time Payment Fee.[1]

One error is apparent on the face of the Original Bill. Under the heading State Fees, the assessment included consolidated court costs for a felony offense in the amount of $185.00. In 2019, Chapter 134 of the Texas Local Government Code was amended "to consolidate and standardize collection of fees payable to a local government in criminal matters." TEX. LOC. GOV'T CODE ANN. § 134.001. The revised chapter set the amount of costs assessed by the State on conviction of a felony at $185. *See id.* § 133.102(a)(1). But any changes in Chapter 134 were to apply:

> only to a cost, fee, or fine on conviction for an offense committed on or after the effective date [Jan. 1, 2020] of this Act. An offense committed before the effective date of this Act is governed by the law in effect on the date the offense was committed, and the former law is continued in effect for that purpose.

---

[1] The Original Bill states: "If total court costs, reimbursement fees, fines and costs are not paid within 30 days of the Judgment, an additional Time Payment Fee of $15.00 will be assessed pursuant to the applicable Statutes and related case law."

*Id.* § 134.001 historical note. According to the judgment in this case, appellant was convicted of conduct that occurred on December 27, 2016. Thus, he should not have been assessed $185.00, an amount that would only be imposed upon conviction for a felony committed on or after January 1, 2020. *See id.* The State agrees that the Original Bill is incorrect in this regard. It asserts the correct amount should be $133.00; appellant contends the correct statutory amount should be $105.

As to the time payment fee, we agree with appellant that the pendency of his appeal "stops the clock" for purposes of that fee. *See Dulin v. State*, 620 S.W.3d 129, 133 (Tex. Crim. App. 2021). Therefore, any time payment fee assessed in the Original Bill is premature and should be stricken. *See id.* The State contends there is no evidence that a time payment fee has actually been imposed in appellant's case.

Finally, appellant challenges imposition of a jury trial fee and a warrants fee in the Original Bill's section titled Court Costs. Based on Chapter 134's directive, those fees should be assessed only if, and to the extent, they were in effect at the time of appellant's offense.

At the parties' request, we abated the appeal, directing the trial court: "to recalculate proper court costs in this case (1) employing the statutory framework in place on the date of appellant's offense, December 27, 2016, and (2) deleting any time payment fee assessed."

We have received a supplemental clerk's record, containing the 2nd Amended Bill of Costs dated July 20, 2022 (the Amended Bill). The Amended Bill makes the following changes to the Original Bill:

- Under State Fees, the consolidated court costs are now assessed at $133.00.

- Under Court Costs:

    o The court security fee has been reduced to $5.00;

    o The jury trial fee has been increased to $40.00; and

    o The specialty court fee has been eliminated.

- The Original Bill's statement concerning a time payment fee, quoted in footnote 1, remains in the Amended Bill, but a line has been added to the bill for assessment of that fee, and appellant's assessment is 0.

This Court has the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd). With the filing of the Amended Bill, we now have in the record the information necessary to correct the judgment's statement of court costs.[2] Accordingly:

> we delete "$378.41" under Court Costs in the trial court's judgment, and we replace it with "$335.41."

---

[2] We note that all numbers in the Amended Bill comport with the Office of Court Administration's January 1, 2016 "District Clerk's Felony Conviction Court Cost Chart." *See* https://perma.cc/9UQS-2LUX.

*Clerical Errors in the Judgment*

In its cross-issue, the State asks us to modify the judgment to reflect the correct offense, and degree of offense, for which appellant was convicted. Appellant's indictment charged him with:

> intentionally communicat[ing] by text message and an electronic message service in a sexually explicit manner, to-wit: sexually explicit language describing intercourse and requesting sexually explicit photos with [B.W.], a minor.

This conduct—communicating with a minor in a sexually explicit manner—states an offense for Online Solicitation of a Minor under section 33.021(b)(1) of the Texas Penal Code. In this offense, "minor" means a person who is younger than seventeen years of age. TEX. PENAL CODE ANN. § 33.021 (a)(1)(A). Appellant's indictment, thus charged him with a third-degree felony. *See id.* § 33.021(f) (offense under subsection (b) is felony of third degree). The trial court's charge tracked the indictment, and the jury assessed appellant's punishment within the range for a third-degree felony.

The judgment, however, incorrectly recites that appellant was convicted of the second-degree felony of Online Solicitation of a Minor Under 14. Regardless of the complainant's age in this case, appellant was not charged with conduct involving a minor under fourteen years of age. He could not, therefore, be convicted of a second degree felony. *Id.* § 33.021(f) (offense is felony of second degree if minor is younger than fourteen years of age).

As we discussed above, we have the power to modify an incorrect judgment to make the record speak the truth when we have the necessary information before us to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley*, 865 S.W.2d at 27–28; *Asberry*, 813 S.W.2d at 529–30. Accordingly, we modify the trial court's judgment as the State requests:

> we delete the phrase "Under 14" under Offense for which Defendant Convicted;

> we delete "2nd" under Degree of Offense, and we replace it with "3rd"; and

> we delete "33.021(f) under Statute for Offense, and we replace it with "33.021(b)(1), 33.021(f)."

*Conclusion*

As modified, we affirm the trial court's judgment.


/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE


210321f.u05

Do Not Publish
TEX. R. APP. P. 47



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL FOY WALLING,
Appellant

No. 05-21-00321-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 296th Judicial District Court, Collin County, Texas
Trial Court Cause No. 296-83626-2017.
Opinion delivered by Justice Pedersen, III. Justices Partida-Kipness and Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

we delete "$378.41" under Court Costs, and we replace it with "$335.41";

we delete the phrase "Under 14" under Offense for which Defendant Convicted;

we delete "2nd" under Degree of Offense, and we replace it with "3rd"; and

we delete "33.021(f) under Statute for Offense, and we replace it with "33.021(b)(1), 33.021(f)."

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 18th day of August, 2022.