

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00064-CR

_____

DARIAN CHRISTOPHER LEE AUSTIN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 19F1099-202

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

The 202nd Judicial District Court of Bowie County adjudicated Darian Christopher Lee Austin's guilt for unauthorized use of a motor vehicle, sentenced him to twenty-four months' confinement in state jail, and ordered him to pay a $1,000.00 fine. On appeal, Austin does not challenge the evidence supporting the trial court's decision to adjudicate his guilt. Instead, he complains (1) that he lacked notice of the allegations against him at the adjudication hearing and (2) that the judgment fails to specify which allegations the trial court found true.

Even assuming Austin preserved his notice issue for our review, we find his first complaint meritless since the State's amended motion to adjudicate guilt clearly set forth the alleged violations of Austin's deferred adjudication community supervision. Because the judgment specified that the trial court found all the State's allegations true, we also find Austin's second complaint meritless. Even so, we will modify the trial court's judgment to reflect that Austin's guilt was adjudicated based on the State's amended motion instead of its original motion. As modified, we affirm the trial court's judgment.

I. The Record Reflects that Austin's Two Points of Error Are Meritless

A plain reading of the appellate record shows that Austin's two points of error have no merit.

A. Factual Background

Austin pled guilty to unauthorized use of a motor vehicle, a state jail felony. *See* TEX. PENAL CODE ANN. § 31.07. Pursuant to a plea agreement with the State, in November 2019, the trial court placed Austin on deferred adjudication community supervision for five years and

ordered him to pay a $1,000.00 fine. In December 2019, the State filed a motion to proceed with an adjudication of Austin's guilt, which alleged that he violated the terms and conditions of his deferred adjudication community supervision by committing the offense of burglary of a building. The motion remained pending until December 2023, when the State filed an amended motion to adjudicate guilt that incorporated the allegation that Austin had committed burglary. The amended motion also alleged that Austin violated the terms and conditions of his community supervision four other ways by, among other things, failing to report to his community supervision officer from January 2020 until November 2023 and failing to complete his community service restitution.

Hannah McLelland, Austin's community supervision officer, was the only witness at the adjudication hearing. She testified that Austin failed to report to her from January 2020 until November 2023. McLelland also testified that Austin failed to perform any community service. After finding the State's allegations true, the trial court revoked Austin's community supervision, adjudicated his guilt, sentenced him to twenty-four months' confinement in state jail, and ordered him to pay a $1,000.00 fine.[1]

### B.    Austin Had Notice of the State's Allegations

The clerk's record shows that the State filed its amended motion, which alleged that Austin violated the terms and conditions of his community supervision in five separate ways. Austin was represented by counsel and does not complain that he did not receive the State's

---

[1]The trial court granted the State's motion in open court. When asked which allegations it was finding true, the trial court discussed its findings on three of the five allegations but did not enter a not true finding on the other two allegations. The judgment reflects that the trial court found all five of the allegations in the State's amended motion true. Austin does not challenge the evidence supporting any of the allegations in his brief.

amended motion.  Instead, Austin complains of lack of notice because neither "[t]he Court, nor the State, offered to read the Motion to Appellant at the beginning of the hearing on the Motion, therefore not putting Appellant on proper notice of the allegations for his defense."  Austin cites nothing to support his position that something other than the State's amended notice was required to provide him with ample notice of the State's allegations against him at the adjudication hearing.

Austin did not raise any notice issue before the trial court.  *See* TEX. R. APP. P. 33.1 (discussing what is required to preserve error).  Even assuming that Austin's point is somehow preserved, it is meritless since Austin had notice of the State's amended motion to adjudicate guilt, which set forth Austin's violations of the terms of his community supervision in detail.  *See Cunningham v. State*, 673 S.W.3d 280, 285 (Tex. App.—Texarkana 2023, no pet.).  As a result, we overrule Austin's first point of error.

**C.      The Judgment Specified Which Allegations the Trial Court Found True**

Austin argues that the trial court's judgment does not state which of the State's allegations were found true.  We disagree.

The trial court's judgment states the following:

> After hearing and considering the evidence presented by both sides, the Court **FINDS THE FOLLOWING**:  . . . While on deferred adjudication community supervision, Defendant violated the conditions of community supervision . . . as follows:
>
> 1.      Defendant shall commit no offense against the laws of this or any State of the United States or any other Country; to wit:  defendant committed the offense of Burglary of Building on or about November 28, 2019, in the County of Bowie, State of Texas.

2.      Defendant shall commit no offense against the laws of this or any State of the United States or any other Country; to wit: defendant committed the offense of Failure to Identify Fugitive Intent Give False Info on or about November 28, 2023, in the County of Dallas, State of Texas.

3.      Offender failed to report to the Community Supervision Officer on a monthly basis or as otherwise directed by the Supervision Officer in charge of the case; to wit: defendant failed to report for the months of January 2020-November-2023.

4.      Offender failed to perform 240.00 hours of Community Service Restitution at a governmental, charitable, or non-profit organization as assigned by the Community Supervision Officer in charge of the case, at a rate of no less than eight hours per month, beginning within thirty (30) days of the date placed on supervision, to wit: delinquent 240.00.

5.      Defendant shall pay his fine, if one is assessed, and the costs of Court, in one or several sums, and make restitution in any sum the Court shall determine; to wit: $268.00 court costs, $1,000.00 fine, and owes a balance of $1,268.00.

Because the trial court's judgment specified that it found all five of the State's allegations true, we overrule Austin's second point of error as meritless.

## II.      We Modify the Judgment to Show that Adjudication Was Based on the State's Amended Motion

The trial court's judgment stated, "Defendant violated the conditions of community supervision, as set out in the State's ORIGINAL Motion to Adjudicate Guilt." Austin notes that the trial court's judgment lists the allegations in the State's amended motion to adjudicate guilt but mistakenly states that the judgment is based on the original motion.[2] "This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—

---

[2]Without any supporting authority, Austin represents, in conclusory manner, that the trial court's judgment is void because it represented that adjudication was based on the original motion instead of the amended motion to adjudicate guilt. Because this clerical error is corrected by modification, nothing suggests that the judgment is void.

5

Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b)); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd)). Because the reporter's record clearly shows that the trial court's judgment was based on the State's amended motion, we will modify the trial court's judgment to reflect that fact.

**III.    Conclusion**

We modify the trial court's judgment by replacing the phrase indicating that the revocation was based on the State's original motion with the following phrase: "Defendant violated the conditions of community supervision, as set out in the State's AMENDED Motion to Adjudicate Guilt." As modified, we affirm the trial court's judgment.

Charles van Cleef
Justice

Date Submitted:     September 10, 2024
Date Decided:       September 25, 2024

Do Not Publish

6